**David W. RUSSELL and Jacklyn B. Russell, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 90–0259–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

April 3, 1991.

Mark W. Untersee, Wirken & King, Kansas City, Mo., for plaintiffs.

Karen R. Osborne, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

ORDER

WHIPPLE, District Judge.

Two motions are pending before this court. They are defendant's Motion to Dismiss, filed December 3, 1990, and plaintiffs' Motion to Amend Scheduling Order, filed March 7, 1991. Plaintiffs filed their Suggestions in Opposition on January 11, 1991, and defendant filed its reply to the motion to dismiss on February 15, 1991. Defendant filed its response to plaintiffs' motion on March 18, 1991. For the reasons set forth below, defendant's motion will be treated as a motion for summary judgment and will be denied,[1] judgment will be entered for the plaintiffs as a matter of law, and plaintiffs' motion to amend the scheduling order will be denied as moot.

## I. STATEMENT OF FACTS

This action was initiated by plaintiffs David Russell and Jacklyn Russell ("plaintiffs") against the defendant United States of America ("defendant") to recover from the Internal Revenue Service ("IRS") money paid as interest on potentially contested tax deficiencies for tax years 1983 and 1984. Plaintiffs pre-paid the interest in 1986 pursuant to I.R.S. Announcement 86–108, 1986–45 I.R.B. (Nov. 10, 1986) ("Announcement") and on the advice of the IRS agent who audited plaintiffs' returns for tax years 1981, 1982, and 1985.[2]

The Announcement, entitled "Instructions for Payment of Interest on Tax Deficiencies," permitted taxpayers to pre-pay interest on actual or contested tax deficiencies in 1986.[3] Due to changes heralded in by the Tax Reform Act of 1986, interest paid on most tax deficiencies is no longer fully deductible. By allowing taxpayers to

---

**1.** Defendant's motion is self-styled a motion to dismiss because it argues that the district court does not have subject matter jurisdiction, pursuant to 28 U.S.C. § 1346(a)(1). Due to the nature of this case, the issue of subject matter jurisdiction is intricately bound up with the underlying issue of whether plaintiffs owe taxes to the Internal Revenue Service for years 1983 and 1984. Plaintiffs filed a motion for summary judgment. Because the motion was filed out of time and without the consent of the court or the defendant, the court has not taken it into consideration.

**2.** The IRS agent told plaintiffs that certain losses taken in 1981, 1982, and 1985 probably would not be allowed. The disallowance of these losses would result in tax deficiencies for the years in question. The same types of losses were taken by plaintiffs in 1983 and 1984. Suggestions in Opposition at 2, 4.

**3.** Generally, a taxpayer is not allowed to pay interest on a contested deficiency without also paying the underlying tax deficiency.

pre-pay their interest, taxpayers were able to obtain a full interest deduction on their 1986 tax returns.

The Announcement included instructions on how to pre-pay interest for four categories of taxpayers.[4] Pursuant to those instructions, the taxpayers filed amended returns for 1983[5] and 1984[6] on December 31, 1986. For tax year 1983, the second amended return reflected additional tax liability in the amount of $34,989.00 and interest on that sum in the amount of $11,921.00. Plaintiffs submitted a check in the amount of $11,921.00. They directed the IRS to apply their payment to the interest on the underlying tax liability. The IRS applied all but $10.48 to the interest due. For tax year 1984, the first amended return reflected additional tax liability in the amount of $35,076.00 and interest on that sum in the amount of $6,811.00. Plaintiffs submitted a check in the amount of $6,811.00. They directed the IRS to apply the payment to the interest on the underlying tax liability. This was done.

Included in both of the amended returns in the space provided, plaintiffs explained why they realized a change in their overall income:

> The increase ... in total income is due to a possible disallowance of the net losses from St. Joseph Equity. Taxpayers are filing this amended return *solely* for the purpose of complying with Announcement 86–108, I.R.B. 1986–45.... The examination of this taxpayer's [1981] return regarding St. Joseph Equity is currently suspended. In no way does the taxpayer concede any issue regarding

their return by filing this amended return.

1983 Form 1040x (12/31/86) at 2; 1984 Form 1040x (12/31/86) at 2. (Emphasis in original).

Based on the information included in the amended tax returns, the IRS assessed plaintiffs an additional $34,989.00 plus interest for tax year 1983 and an additional $35,076.00 plus interest for tax year 1984. Plaintiffs received notification of these assessments in notices dated March 9, 1987 (1983 tax year) and May 18, 1987 (1984 tax year).

On March 16, 1987, plaintiffs filed a third amended return for 1983 and a second amended return for 1984. Therein, plaintiffs stated that they had no outstanding tax liability. They deleted the additional (contested) tax liability that was reflected in their second amended 1983 return and first amended 1984 return. Included in both of the amended returns in the space provided, plaintiffs explained why they did not believe they had any additional tax liability:

> In December 1986, the Taxpayers filed amended returns for years 1981–1985 pursuant to Revenue Procedure 86–108 in order to pay interest on a deductible basis before the consumer interest provisions of the Tax Reform Act of 1986 became effective. As stated in those amended returns, the taxpayers were not conceding their position of vigorously disagreeing with the Internal Revenue Service on the issues raised. The nature of the adjustments proposed by the Internal Revenue Service was argued in the Court of Claims—Washington D.C.

4. The categories included: 1) taxpayers who had received a statutory notice of deficiency, pursuant to 26 U.S.C. § 6212, and had petitioned the Tax Court for a redetermination of the deficiency asserted; 2) taxpayers who had received a statutory notice of deficiency but had not petitioned the Tax Court for a redetermination or agreed to pay the deficiency; 3) taxpayers who had received a notice of proposed deficiency, pursuant to Treas.Reg. § 601.105(d)(1)(ii) (1954); and 4) taxpayers who had been notified that their returns were to be examined but had not received the final results of the examination. Plaintiffs followed the instructions pertaining to the fourth category of taxpayers.

5. This was the second time plaintiffs amended their 1983 return. Their 1983 return was first amended on September 4, 1984 to reflect a reduction in their tax liability from $33,537.00, as stated in their original return, to $32,998.00. The figure stated in the first amended return reflects plaintiff's admitted (uncontested) tax liability for the tax year 1983.

6. This was the first time plaintiffs amended their 1984 return. In their original return, plaintiff stated that their tax liability was $73,144.00. This figure reflects plaintiffs' admitted (uncontested) tax liability for 1984.

under case # 310–847, Mariel [sic] & William Johnson vs. U.S. A decision favorable to the taxpayers was filed September 26, 1986.... Therefore, the taxpayers are hereby amending their returns to reflect the decision of the court that their returns as originally prepared [first amended 1983 return and original 1984 return] were correct. A separate claim is being filed to recover the interest paid on the amended returns.

1983 Form 1040x (3/16/87) at 2; 1984 Form 1040x (3/16/87).

On the same day plaintiffs filed their last amended returns for tax years 1983 and 1984, they submitted claim forms for the interest payments they made on the contested tax liability. To date, this money has not been refunded.

Plaintiffs never received a statutory notice of deficiency for either 1983 and 1984. Furthermore, they do not believe that audits were ever opened by the IRS for these tax years.[7] For the years that audits were completed by the IRS (1981, 1982, 1985), plaintiffs received statutory notices of deficiency.

## II. DISCUSSION

Although the defendant contests the court's jurisdiction under Fed.R.Civ.P. 12(b)(1), the nature of this case is such that before the threshold question of subject matter jurisdiction can be definitively answered, the court must address the underlying issue of whether plaintiffs still owe money on their 1983 and 1984 tax returns. This being the case, the court will treat defendant's motion to dismiss as a motion for summary judgment.

In accordance with Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

The parties are in agreement that there are no genuine issues of material fact. Where the parties disagree is with respect to the legal ramifications of filing a contested tax return pursuant to the IRS Announcement; namely, whether plaintiffs' actions created tax deficiencies in their 1983 and 1984 tax returns.

In its motion to dismiss, defendant argues that this court lacks subject matter jurisdiction because plaintiffs failed to comply with the provisions of the 28 U.S.C. § 1346(a)(1). Section 1346(a)(1) confers original jurisdiction in the district court concurrent with the United States Claims Court for

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue law;

provided that, the plaintiff first pays the full amount of the assessed tax or penalty before challenging its validity in a suit for a refund. *Flora v. United States*, 357 U.S. 63, 74, 78 S.Ct. 1079, 1086, 2 L.Ed.2d 1165, 1172 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). This requirement has been referred to as the "full payment rule."

Defendant asserts that plaintiffs never paid the additional tax liability that was set forth in their second amended 1983 return and first amended 1984 return or the balance of the interest owed therein. Having failed to make these payments, defendant argues that plaintiffs have not satisfied the "statutory jurisdictional prerequisites" entitling them to jurisdiction under 28 U.S.C. § 1346(a)(1).

■ Plaintiffs do not contest the fact that they never paid the disputed tax liability. Instead, plaintiffs argue that defendant is barred from collecting these taxes (and accompanying interest), because the IRS failed to issue statutory notices of

---

7. This statement has not been contradicted by the defendant.

deficiency for those tax years. Before the IRS can assess a deficiency, 26 U.S.C. § 6213(a) directs the IRS to issue the taxpayer a statutory notice of deficiency. *See also* Treas.Reg. § 301.6213–1(a) (as amended 1986); *U.S. v. Zolla,* 724 F.2d 808, 810 (9th Cir.), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *U.S. v. Eisenhardt,* 437 F.Supp. 247, 248 (D.Md. 1977). The purpose of the notice of deficiency is two-fold: 1) a notice to taxpayers that the IRS intends to assess a tax deficiency, and 2) a jurisdictional prerequisite to filing a petition for redetermination of the deficiency in the Tax Court. *Kennedy v. U.S.,* 403 F.Supp. 619, 622 (W.D.Mich. 1975), *aff'd,* 556 F.2d 581 (6th Cir.1977).

█ Plaintiffs further contend that the IRS is barred permanently from issuing notices of deficiency for 1983 and 1984, because the statute of limitations for assessing tax deficiencies in these years has expired. The IRS has three years from the date the original tax return is filed to assess a tax deficiency. 26 U.S.C. § 6501(a). The IRS had until April 14, 1987 and April 14, 1988, respectively, to enter tax deficiency assessments against plaintiffs for 1983 and 1984. A taxpayer may agree to waive the statute of limitations by signing a consent to extend the period of time to assess. Plaintiffs never agreed to waive the statute of limitations for tax years 1983 and 1984.[8]

Defendant does not deny that the IRS never issued notices of deficiency for 1983 and 1984. To the contrary, defendant argues that the IRS had no obligation to issue the statutory notices because there were no tax deficiencies within the meaning of 26 U.S.C. § 6211. A tax deficiency is defined as the difference between the amount the IRS determines is due and "the amount shown as the tax by the taxpayer upon his return." 26 U.S.C. § 6211(a). Defendant states that plaintiffs were assessed additional taxes based upon the information recorded in their amended tax returns. Thus, there was no discrepancy between the tax liability assessed and the tax liability shown on plaintiffs' amended returns.[9] Memorandum of Law in Support at 11.

Plaintiffs argue that their amended 1983 and 1984 tax returns do contain deficiencies, as that term is defined in 26 U.S.C. § 6211. Although defendant assessed plaintiffs based upon the figures included in their amended returns, plaintiffs point out that the additional tax liability noted was not conceded to. Plaintiffs filed the amended returns under protest, pursuant to the Announcement. Suggestions in Opposition at 12–13. Plaintiffs argue that courts have long held that one looks to the amount of tax the taxpayer admits is due and not to the amount of tax the taxpayer contests is due for purposes of computing a tax deficiency. *See Taylor v. Commissioner,* 36 B.T.A. 427, 429, 1937 WL 357 (1937) ("where a taxpayer shows an amount of tax on his return but does not admit that such amount is due and collectible, the amount admitted to be due and not the amount on the return is the starting point in computing a deficiency"); *Paccon, Inc. v. Commissioner,* 45 T.C. 392, 395 (1966) (citing *Taylor*).

To date, plaintiffs argue that they have admitted tax liability of $32,537.00 for 1983 and of $73,144.00 for 1984. They were assessed these taxes on April 14, 1984 and April 15, 1985, respectively. When the IRS later assessed plaintiffs for taxes in the amount of $34,989.00 for 1983 and in the amount of $35,076.00 for 1984, the figures represented deficiencies in each of the tax years because the assessments were based on tax liabilities filed under protest.

█ Upon review of the parties' respective positions, the court finds that plaintiffs should have received statutory notices of deficiency for tax years 1983 and 1984.

---

**8.** Plaintiffs did consent to waive the statute of limitations for tax years 1981, 1982, and 1985. Suggestions in Opposition at 15.

**9.** Defendant states that the effect of filing an amended return is that it replaces the original return. The IRS has no statutory obligation to accept an amended return. Therefore, the IRS was justified in declining to accept plaintiffs' third amended 1983 return and second amended 1984 return (which reflected no additional tax liability).

Based on the case law pertaining to the legal effect of filing taxes under protest, along with IRS Deficiency Procedures, Treas.Reg. § 301.6211–1 (as amended 1982), it is clear that plaintiffs incurred tax deficiencies when they were assessed on March 9, 1987 and on May 18, 1987. Section 301.6211–1(a) states in pertinent part that

> [a]ny amount shown as additional tax on an "amended return," so-called (*other than amounts of additional tax which such return clearly indicates the taxpayer is protesting rather than admitting*) filed after the due date of the return, shall be treated as an amount shown by the taxpayer "upon his return" for purposes of computing the amount of a deficiency.

(Emphasis added). Plaintiffs' amended tax returns reflected contested tax liabilities. At no time did they admit that they owed these taxes. For purposes of determining whether tax deficiencies existed, the IRS should have compared the tax liabilities it believed plaintiffs owed—the amounts it assessed—to plaintiffs' admitted tax liabilities. Therefore, the IRS erred when it used plaintiffs' contested tax liabilities as the amount of taxes shown upon their returns.

■ The court also does not agree with defendant's contention that the general principles of filing under protest are inapplicable here, because plaintiffs filed their amended returns pursuant to the Announcement. Defendant asserts that the IRS Announcement "specifically and repeatedly cautions taxpayers that—by paying and taking advantage of the interest deductions—the taxpayer may loss [sic] its right to petition the tax court." [10] Defen-

dant's Response at 6. The "right" defendant asserts plaintiffs lost by filing pursuant to the Announcement is a right the plaintiffs never had. The right to petition the tax court for a redetermination of a tax deficiency only arises when the taxpayer receives a statutory notice of deficiency. Since plaintiffs never received a notice of deficiency, that portion of the Announcement does not apply to plaintiffs' circumstances.

The court further finds that any suggestion on defendant's part that the Announcement altered plaintiffs' right to file taxes under protest is misplaced. Although plaintiffs state that they filed their amended returns pursuant to the Announcement, they did so in error. The Announcement only applied to four categories of taxpayers, none of which describe plaintiffs' status for the tax years in question. Apparently, under the assumption that their 1983 and 1984 returns would be audited, plaintiffs filed amended returns pursuant to the instructions for taxpayers who had been advised that their returns were to be examined but had not received the final results of an examination. Since the IRS never audited plaintiffs' 1983 and 1984 tax returns, the Announcement does not affect plaintiffs' rights. Even if the Announcement applied, by its own terms, it does not in any way alter the legal effect of filing a return under protest for purposes of computing a tax deficiency.

Therefore, the court concludes that plaintiffs were entitled to receive statutory notices of deficiency for tax years 1983 and 1984. The IRS' failure to issue the statutory notices within the statute of limitations nullifies the assessments levied and

---

**10.** The language in the Announcement defendant refers to states:

> Taxpayers will be bound by the consequences of paying contested liabilities. For example, a taxpayer who pays his or her entire potential tax liability before receiving a Statutory Notice of Deficiency will not have the right to petition the Tax Court for a redetermination of the deficiency and refund of such payment; instead, such a taxpayer will be able to obtain a refund only by successfully suing the Government in the Claims Court or a U.S. District Court.

Also, under the directions plaintiffs followed it provides:

> If the Service does not issue a Statutory Notice of Deficiency (because the taxpayer's payment exceeds the proposed adjustments) and the taxpayer wishes to reopen the case, the taxpayer will be able to obtain a refund for any overpayment only by filing a claim for refund with the Service. If the Service denies the claim the taxpayer will be required to file a suit in the Claims Court or U.S. District Court to recover the amount paid.

permanently bars the IRS from assessing plaintiffs for the alleged tax deficiencies. 26 U.S.C. § 6213(a); Treas.Reg. § 301.-6213–1(a). That being the case, judgment shall be entered on behalf of the plaintiffs as a matter of law.

### III. CONCLUSION

Accordingly, it is

ORDERED that defendant's Motion to Dismiss is denied. It is further

ORDERED that summary judgment is granted to plaintiffs as a matter of law. It is further

ORDERED that judgment shall be entered in favor of the plaintiffs and against the defendant. The parties shall bear their own costs arising from this action. It is further

ORDERED that the defendant shall direct the IRS to refund $18,732.00, plus interest, to the plaintiffs. It is further

ORDERED that plaintiffs' Motion to Amend Scheduling Order is denied as moot.