ALLEN POWERSTEIN AND RITA POWERSTEIN ROSEN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 30261-89.      Filed September 30, 1992.

*Mitchell I. Horowitz,* for petitioners.
*William R. McCants,* for respondent.

OPINION

HAMBLEN, *Chief Judge:* This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Chief Special Trial Judge:* Respondent determined deficiencies in and additions to the Federal income tax of Allen Powerstein and Rita Powerstein Rosen (petitioners) as follows:

| | | *Additions to tax* | | |
| --- | --- | --- | --- | --- |
| *Year* | *Deficiency* | *Sec. 6653(b)(1)* | *Sec. 6653(b)(2)* | *Sec. 6661* |
| 1984 | $28,664 | $14,374 | $7,918 | $7,166 |
| 1985 | 48,948 | 24,474 | 9,520 | 12,237 |

| | | *Additions to tax* | | |
| --- | --- | --- | --- | --- |
| *Year* | *Deficiency* | *Sec. 6653(b)(1)(A)* | *Sec. 6653(b)(1)(B)* | *Sec. 6661* |
| 1986 | $38,186 | $28,640 | $5,095 | $9,547 |
| 1987 | 39,749 | 29,935 | 2,952 | 9,937 |

| | | *Additions to tax* | |
| --- | --- | --- | --- |
| *Year* | *Deficiency* | *Sec. 6653(b)(1)* | *Sec. 6661* |
| 1988 | $30,915 | $23,186 | $7,729 |

In an amended answer respondent adjusted the deficiencies and additions to tax, decreasing the amounts for

---

[1] All section references are to the Internal Revenue Code unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

1984 and 1985 and claiming an increase for 1986 through 1988 as follows:

| Year | Deficiency | Additions to tax | | |
| | | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6661 |
|---|---|---|---|---|
| 1984 | $1,599 | $842 | $442 | -0- |
| 1985 | 23,492 | 11,695 | 4,549 | $5,873 |

| Year | Deficiency | Additions to tax | | |
| | | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6661 |
|---|---|---|---|---|
| 1986 | $47,566 | $35,353 | 1 | $11,892 |
| 1987 | 58,251 | 43,536 | 1 | 14,563 |

| Year | Deficiency | Additions to tax | |
| | | Sec. 6653(b)(1) | Sec. 6661 |
|---|---|---|---|
| 1988 | $58,187 | $43,563 | $14,547 |

1 50 percent of the interest due on the deficiency.

This matter is presently before the Court on petitioners' motion to enjoin assessment, filed pursuant to section 6213(a). The issue for decision is whether respondent should be enjoined from assessing tax reported on amended returns filed by petitioners subsequent to the filing of their petition for redetermination with this Court.

## Background

On July 9, 1989, special agents from respondent's Criminal Investigation Division executed a search warrant at petitioners' residence. Using records seized during the search, respondent reconstructed petitioners' income and determined that petitioners failed to report taxable income for the years 1984, 1985, 1986, 1987, and 1988.

Respondent utilized the net worth method in reconstructing petitioners' unreported income. In applying that method, it appears that respondent first determined the increase in petitioners' net worth for the period January 1, 1984, to December 31, 1988, then divided that figure by 5 to arrive

at an average figure representing the amount of petitioners' unreported income for each of the years in question.

On July 25, 1989, respondent issued a notice of jeopardy assessment to petitioners for the taxable years 1984 through 1988. The notice lists tax, additions to tax, and interest due in the aggregate amount of $444,950. On the same day, respondent served notices of levy on two banks where petitioners maintained accounts. However, respondent did not take physical possession of the funds in petitioners' accounts until August 1989. At that time, the amount purportedly owing under the jeopardy assessment had grown to approximately $449,500, reflecting additional interest accruing from the date of assessment.

On September 21, 1989, respondent issued a notice of deficiency to petitioners determining deficiencies in and additions to petitioners' Federal income tax liability for the years 1984 through 1988 in amounts set forth above and identical to those previously assessed pursuant to the jeopardy procedures. Petitioners filed a timely petition with this Court contesting respondent's determinations for each of the taxable years 1984 through 1988.

On February 26, 1990, respondent filed an answer to the petition asserting increased deficiencies and additions to tax against petitioners for the taxable years 1986, 1987, and 1988 in the amounts as previously set forth herein. Respondent's answer states in pertinent part:

(a) In the statutory notice of deficiency dated September 21, 1989, upon which notice this case is based, the respondent determined that petitioners understated their taxable income for the years 1986, 1987 and 1988 in the amounts of $96,760, $114,308, and $98,680, respectively.

(b) Due to the respondent's averaging of petitioners' understatements evenly over the five years involved in this case, as necessitated at the time by petitioners' attempts to conceal themselves and their assets during respondent's investigation, the respondent understated in the statutory notice of deficiency and jeopardy assessments the amounts of the increases in petitioners' reconstructed taxable income for the taxable years 1986, 1987 and 1988, and overstated the petitioners' reconstructed taxable income for the taxable years 1984 and 1985.

Petitioners filed a reply to respondent's answer on March 28, 1990. While petitioners admit that respondent overstated their reconstructed taxable income for the taxable years 1984 and 1985, petitioners deny that respondent understated their

reconstructed taxable income for the taxable years 1986, 1987, and 1988.

On October 5, 1990, petitioners filed amended Federal income tax returns (Forms 1040X) for each of the taxable years 1984 through 1988. In preparing the returns, petitioners adopted the figures reflected in respondent's answer.

Identical handwritten notations appear in each of the amended returns. In particular, column A (which refers to income and deductions as originally reported or as adjusted) includes the notation "STAT NOT OF DEFICIENCY" and column C (which refers to the correct amount of income and deductions) includes the notation "RESPONSE TO US TAX COURT". In addition, the second page of each of the amended returns includes the notation "SEE IRS JEOPARDY ASSESSMENT, STATUTORY NOTICE OF DEFICIENCY AND RESPONSE TO TAX COURT OF THE UNITED STATES". It appears that petitioners filed the amended returns in an attempt to generate a net refund of approximately $20,000 for the taxable years in question.

Respondent rejected petitioners' amended returns for the years 1984 and 1985 while accepting the amended returns for the years 1986, 1987, and 1988. In this regard, petitioners received notices of tax due for the years 1987 and 1988 reflecting assessments for additional tax due in the amounts of $18,135 and $27,169, respectively. These assessments approximate the excess of the tax reported on petitioners' amended returns (the amounts adopted from respondent's answer) over the amounts originally determined in the deficiency notice.[2]

On May 12, 1992, petitioners filed a motion to enjoin assessment pursuant to section 6213(a). Respondent filed a notice of objection to petitioners' motion on May 27, 1992.

## Discussion

The issue for decision is whether respondent should be enjoined from assessing tax purportedly reported on amended returns filed by petitioners subsequent to the filing of their petition for redetermination with this Court.

Petitioners maintain that respondent is precluded from assessing additional amounts for the taxable years 1987 and

---

[2] At the time of the hearing of this matter, petitioners had not received a notice of tax due for the taxable year 1986 although the amended return filed for that year lists tax due in excess of the amount determined in the deficiency notice.

1988 by virtue of section 6213(a), which prohibits the assessment of a deficiency if a petition with respect thereto has been filed with this Court. Relying on section 301.6211-1(a), Proced. & Admin. Regs., respondent counters that the restrictions on the assessment of deficiencies set forth in section 6213(a) do not apply in the instant case on the ground that the amounts assessed are not deficiencies as defined in section 6211(a) but rather are amounts shown as tax on a return. Section 301.6211-1(a), Proced. & Admin. Regs., provides in pertinent part:

Any amount shown as additional tax on an "amended return," so-called (other than amounts of additional tax which such return clearly indicates the taxpayer is protesting rather than admitting) filed after the due date of the return, shall be treated as an amount shown by the taxpayer "upon his return" for purposes of computing the amount of a deficiency.

Respondent reasons that, because amounts reported on an amended return are to be treated as amounts shown as tax on a return, the amounts in question were properly assessed under the authority provided in section 6201(a)(1).

Section 6213(a) provides that respondent generally is precluded from assessing or collecting a deficiency until a notice of deficiency authorized under section 6212(a) is mailed to the taxpayer with respect to the deficiency and until the expiration of the 90-day or 150-day period for filing a timely petition for redetermination. In the event a petition is filed with this Court, respondent is further precluded from assessing or collecting the deficiency until the decision of this Court becomes final. *Powell v. Commissioner,* 96 T.C. 707, 710-711 (1991). Section 6213(b) lists various exceptions to the restrictions on assessment set forth in subsection (a).

Section 6213(a) was amended, effective with respect to orders entered after November 10, 1988, to extend to this Court jurisdiction to restrain assessment and collection of a deficiency in cases where "a timely petition for redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6243(a), 102 Stat. 3749; *Kamholz v. Commissioner,* 94 T.C. 11, 15 (1990). Consistent with this provision, resolution of petitioners' motion depends on whether respondent has assessed deficiencies that are in dispute and the subject

of petitioners' timely filed petition for redetermination. *Meyer v. Commissioner,* 97 T.C. 555, 561 (1991); *Powell v. Commissioner, supra* at 711.

Once a petition is filed with this Court, our jurisdiction extends to the entire subject matter of the correct tax for the taxable year. *Naftel v. Commissioner,* 85 T.C. 527, 533 (1985). Consistent with this proposition, section 6214(a) provides that (with one exception not applicable here) this Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount determined in the deficiency notice if a claim therefor is asserted by respondent at or before the hearing or rehearing. *Jasionowski v. Commissioner,* 66 T.C. 312, 317 (1976).

As previously indicated, respondent contends that the restrictions on assessment contained in section 6213(a) do not apply because the assessed amounts represent amounts shown as tax on petitioners' amended returns and, thus, do not fall within the definition of the term "deficiency" set forth in section 6211(a).[3] Respondent asserts that the excess of the amounts shown as tax on the amended returns over the amounts determined in the deficiency notice were properly assessed pursuant to section 6201(a)(1).

While respondent correctly states that amounts shown as tax on a return generally may be summarily assessed pursuant to section 6201(a)(1), see *Meyer v. Commissioner, supra* at 560, we nonetheless conclude that the assessments in question were made in violation of section 6213(a). As explained in more detail below, we hold that the prohibition against assessment set forth in section 6213(a) controls in the instant case where the assessments in question relate to amounts that are in dispute and the subject of this Court's jurisdiction. Moreover, under the particular facts of this case, respondent has improperly characterized the assessed amounts as "amounts shown upon a return".

---

[3] The term "deficiency" is defined in sec. 6211(a), which provides in pertinent part:

SEC. 6211(a). IN GENERAL.—For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B * * * the term "deficiency" means the amount by which the tax imposed by subtitle A or B * * * exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return * * *, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.

We begin with the observation that the specific amounts in dispute herein evolved as the case developed. In particular, the petition clearly reflects petitioners' decision to contest respondent's original deficiency determination for each of the taxable years 1984 through 1988. Subsequent to the filing of the petition, however, respondent concluded that the statutory notice of deficiency both overstated petitioners' reconstructed taxable income for the taxable years 1984 and 1985 and understated petitioners' reconstructed taxable income for the taxable years 1986, 1987, and 1988. As a consequence, respondent's answer specifically alleges increased deficiencies and additions to tax for the 3 later years.[4] In their reply to respondent's answer, petitioners admit that respondent overstated their reconstructed taxable income for the taxable years 1984 and 1985, yet deny that respondent understated their reconstructed taxable income for the taxable years 1986, 1987, and 1988. Thus, it is clear that petitioners continue to dispute the increased deficiencies determined by respondent. Despite the parties' changing positions respecting the specific amounts in dispute, no event occurred otherwise depriving this Court of jurisdiction to determine petitioners' correct tax liability for the taxable years in issue. Sec. 6214(a); *Naftel v. Commissioner, supra.*[5]

The restrictions contained in section 6213(a) preclude respondent from attempting to assess or collect a deficiency that is the subject of a timely filed petition. In our view, this provision likewise precludes the assessment or collection of increased deficiencies as alleged in respondent's answer and disputed by petitioners until the Court's decision with respect to those deficiencies becomes final. Indeed, it is evident that this Court has the authority to enjoin the assessment or collection of such deficiencies by virtue of the final sentence of section 6213(a). *Kamholz v. Commissioner,* 94 T.C. 11 (1990). Respondent does not contend otherwise.

Contrary to respondent's position, we cannot agree that, under the particular circumstances of this case, petitioners' decision to file amended returns covering the years before

---

[4] Pursuant to Rule 142(a), respondent bears the burden of proof with respect to an increased deficiency pleaded in the answer.

[5] See also *Kallich v. Commissioner,* 89 T.C. 676, 681 (1987), where, in determining whether a petition qualified for small tax case status, we held that the pleadings set the parameters of the amount in dispute.

the Court causes any portion of the amounts reported in the returns to be excepted from the prohibitions against assessment contained in section 6213(a). The increased deficiencies remain squarely in dispute and subject to this Court's jurisdiction pursuant to section 6214(a). Assessment at this time (absent jeopardy) serves no useful purpose.[6]

Nor can it be said that petitioners' amended returns amount to a waiver of the restrictions on assessment as contemplated under section 6213(d). To the contrary, the several amended returns were all filed at once in a misguided attempt to generate a net refund for the years in issue. The amended returns were submitted as a package. Respondent rejected the 1984 and 1985 amended returns reflecting a refund and accepted the 1986, 1987, and 1988 amended returns and assessed those amounts. We do not find that under these circumstances petitioners consented to immediate assessment of the amounts in dispute or otherwise waived protection provided in section 6213(a). We note that neither *Madrigal v. District Director,* 416 F. Supp. 405, 414 (C.D. Cal. 1976), nor *Koch v. Alexander,* 561 F.2d 1115 (4th Cir. 1977), cited by respondent, requires a different result. In short, neither of the cases involved a proceeding pending in this Court, nor was respondent otherwise prohibited from making an assessment at the time of filing the amended returns by the respective taxpayers. Here respondent claimed amounts as a deficiency in her answer. Petitioners disputed the amounts in their reply.

Finally, we note that the amounts reported on petitioners' amended returns do not constitute "an amount shown by a taxpayer upon his return" under section 301.6211-1(a), Proced. & Admin. Regs. In particular, the regulation (quoted *supra* p. 471) contains parenthetical language excluding amounts of additional tax shown on a so-called amended return if the "return clearly indicates the taxpayer is protesting rather than admitting" such amounts. An examination of the amended returns in question reveals that petitioners clearly indicated that they were protesting rather than admitting the reported amounts. Each of the returns contains handwritten notations referring to both respondent's

---

[6] If respondent believed that a jeopardy existed relating to the alleged increased deficiencies, presumably she could assess the increased amount under sec. 6861. Secs. 6861(c), 6212(c); *Stokes v. Commissioner,* 22 T.C. 415, 422-423 (1954).

deficiency notice and these proceedings. Moreover, it is evident that the figures appearing in the amended returns derived from pleadings filed herein. While the returns do not include an express statement respecting petitioners' intention to protest the reported amounts, the various notations, read in conjunction, clearly reflect petitioners' intention in this regard. See *Russell v. United States,* 774 F. Supp. 1210 (W.D. Mo. 1991).

In sum, we agree with petitioners that respondent has improperly assessed amounts that are in dispute and the subject of the petition for redetermination presently pending before the Court. Accordingly, respondent should be enjoined to the extent of the improper assessment. To reflect the foregoing,

*An appropriate order will be entered.*