MARIANNA CRISMALI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crismali v. Commissioner
Docket No. 21082-93
United States Tax Court
T.C. Memo 1995-3; 1995 Tax Ct. Memo LEXIS 26; 69 T.C.M. (CCH) 1579; January 4, 1995, Filed *26 Decision will be entered for respondent. Marianna Crismali, pro se. For respondent: Theresa G. McQueeney. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1] *27 Respondent determined a deficiency of $ 559 and penalty under section 6662 of $ 112 in petitioner's 1990 Federal income tax. Prior to trial, respondent claimed increases in the deficiency and penalty, which raised the deficiency to $ 1,329 and penalty to $ 266. [2] Whereas the burden of proof is on petitioner concerning the amounts determined in the notice of deficiency, respondent bears the burden with respect to the increased deficiency. Rule 142(a); Powerstein v. Commissioner, 99 T.C. 466, 473 n.4 (1992). At trial, petitioner did not contest the deficiency but argued that she is not liable for the penalty. [3] Accordingly, the only remaining issue is whether petitioner is liable for the penalty under section 6662. *28 FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Farmingville, New York. Petitioner has been employed by the Internal Revenue Service (IRS) for more than 20 years and, at the time of trial, served as a Quality Assurance and Management Support Division Programming Assistant, G.S. grade 7. During those 20 years, she has had responsibility to review Federal income tax returns and thus is familiar with Forms 1040 and the rules and regulations concerning individual tax returns. In 1990, petitioner was married to Nicholas Crismali (petitioner's spouse). Petitioner's spouse indicated on his 1990 Federal income tax return that his filing status was married filing separate. Petitioner's spouse claimed $ 9,713 of itemized deductions on his 1990 return. Petitioner prepared and signed her 1990 Federal income tax return, Form 1040. In preparing the return, petitioner drew a line which runs through the boxes on lines 1, 2, 3, and 4 of the 5 lines concerning filing status. Lines 1, 2, 3, and 4 reflect filing *29 statuses of single, married filing joint return, married filing separate, and head of household, respectively. The instructions to the left of the boxes state, "check only one box". In addition, petitioner did not report her spouse's Social Security number at the top right corner of the first page of the Form 1040, or within the filing status area at line 3. On page 2 of the Form 1040, petitioner failed to indicate at line 33c that her status was married filing separate and that her spouse itemized deductions. Petitioner also failed to indicate whether she was claiming the standard deduction or itemized deductions. On line 65, petitioner requested that $ 2,000 be applied to her estimated 1991 Federal income tax. [4] Petitioner's 1991 Federal income tax return reflects that $ 1,847 was credited from her 1990 return. [5]
*30 Respondent initially computed petitioner's 1990 Federal income tax by assuming that petitioner's filing status was single and that she was entitled to the standard deduction. Petitioner's return was examined, and, in response, petitioner sent a letter to respondent explaining that her filing status for 1990 was married filing separate. In the notice of deficiency, respondent adjusted petitioner's filing status to married filing separate and, accordingly, decreased the standard deduction from $ 3,250 to $ 2,725. As previously indicated, respondent subsequently claimed, and petitioner does not contest, that petitioner was not entitled to the standard deduction because petitioner's spouse itemized deductions. See sec. 63(c)(6)(A). Petitioner also does not contest that her correct status was married filing separate and that she had no itemized deductions. She claims only that the deficiency was due to respondent's failure to properly process her return and, therefore, the penalty should be abated. OPINION Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of the underpayment to which section 6662 applies. Section 6662 applies to the portion *31 of underpayment which is attributable to negligence or disregard of the rules or regulations. Sec. 6662(b)(1). The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). We find that petitioner was negligent within the meaning of section 6662. Petitioner, as an employee of the IRS who has worked with Federal income tax returns and is familiar with the rules and regulations, should have known that she was required to accurately complete her Federal income tax return for 1990. Despite clear instructions for lines 1 through 5 of the Form 1040 to check only one box, petitioner drew a line through four boxes. Moreover, petitioner attested, by her signature, that the return was "true, correct, and complete," even though information required to determine proper tax liability was omitted. Petitioner *32 argues, however, that her return indicated her married filing separate status, which respondent should have determined by following respondent's guidelines. Specifically, petitioner contends that respondent was in error by not choosing, among the four marked boxes, the status that would produce the highest tax liability -- married filing separate. She also argues that respondent should have looked to other years to determine petitioner's filing status. Petitioner adds that she consistently filed her Federal income tax returns in the same manner, and that respondent should have been able to correctly determine petitioner's filing status from those returns. Petitioner has failed to adequately explain why she did not properly complete her return. Given that petitioner, as an employee of the IRS, was capable of accurately completing her return, we surmise that she created ambiguity in her return in the hope that the IRS would incorrectly determine the tax to be less than the proper amount. In fact, petitioner had some initial success when the IRS computed the tax based on a single filing status. Even after correcting petitioner's filing status, the IRS determined in the notice *33 of deficiency that petitioner was entitled to a standard deduction. Had a petition not been filed, giving respondent's counsel an opportunity to review this matter, the question of her entitlement to the standard deduction might not have been raised. Petitioner's failure to provide complete information on her return appears to have been calculated to mislead the IRS, or at least increase the chance that petitioner could pay less tax than required. We find petitioner's explanations at trial to be a less than credible attempt to justify her actions. We hold that the underpayment of tax was due to negligence or disregard of the rules or regulations. Accordingly, respondent's determination is sustained, and we find for respondent as to the increased deficiency and penalty claimed. The total of these amounts result in a deficiency of $ 1,329 and a penalty of $ 266. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent first asserted the increased deficiency in her trial memorandum filed on the day of trial. Because petitioner does not contest the facts giving rise to the increase, we consider the new matter to be tried by consent under Rule 41(b).↩
3. Although petitioner stated that she believed the deficiency should remain at $ 559, she gave no reason for such contention and agrees that the increase was due to respondent correctly disallowing the standard deduction. We assume that she continues to contest the penalty. Petitioner also requested that the Court eliminate the interest and penalties for the 1991 tax year and credit the reported 1990 overpayment, applied by respondent to petitioner's 1991 tax, to her 1990 tax liability. Petitioner's requests are without merit. Petitioner's 1991 Federal income tax is not before the Court. Moreover, respondent applied the claimed overpayment from 1990 to the 1991 estimated tax as directed by petitioner on her 1990 Federal income tax return. Petitioner cannot now claim that respondent improperly followed her directions. Secs. 6402(b), 6513(d); sec. 301.6513-1(d), Proced. & Admin. Regs.↩
4. Petitioner apparently remitted payment of $ 2,839 with the filing of her 1991 return.↩
5. The overpayment credit resulted from the following computations of petitioner's account for 1990: ↩
Item
Credit/(Debit)
1990 Federal income tax
($ 5,753)
Withholding credit
3,830 Overpayment credit applied
931 Payment with return
2,839 Total
$ 1,847