T.C. Memo. 1997-35


UNITED STATES TAX COURT


WILLIAM M. HEZEL, Petitioner <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket Nos. 20862-96, 20863-96.    Filed January 21, 1997.


William M. Hezel, pro se.

<u>Peter Reilly</u> and <u>Lloyd E. Mueller</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  These cases were assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in
issue, and Rule references are to the Tax Court Rules of Practice
(continued...)

and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  These cases are before the Court on respondent's Motions to Dismiss for Lack of Jurisdiction and petitioner's Motions to Restrain Assessment, Levy, Lien, and Collection, as supplemented.  The principal issue for decision is whether the Court has jurisdiction over the petitions filed in these cases.

Background

On June 23, 1995, respondent issued a notice of deficiency to petitioner in which respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1989 | $54,253 | $9,608 | $2,173 |
| 1990 | 58,904 | 9,321 | 2,884 |
| 1991 | 59,836 | 9,796 | 2,425 |

Also on June 23, 1995, respondent issued a separate notice of deficiency to petitioner in which respondent determined a deficiency in petitioner's Federal income tax for 1992 in the amount of $42,608 and additions to tax under sections 6651(a) and 6654(a) in the amounts of $6,901 and $1,122, respectively.  Both notices of deficiency were addressed to petitioner at 6001 Knight

_____

(...continued)
and Procedure.

Arnold Rd., Memphis, Tennessee 38115 (the Knight Arnold Rd. address).

By letter dated July 6, 1995, petitioner mailed the notices of deficiency back to respondent marked "Refusal For Cause Without Dishonor U.C.C. 3-501". Petitioner's July 6, 1995, letter, to which an "Affidavit and Declaration of Truth" was appended, contained various tax protester arguments.

On September 25, 1996, petitioner filed two separate petitions with the Court contesting the determinations made by respondent in the above-described notices of deficiency. The petitions arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of September 23, 1996. Petitioner indicated on each of the petitions that his address was the Knight Arnold Rd. address.

On October 16, 1996, petitioner filed a Motion to Restrain Assessment, Levy, Lien, and Collection in each docket. Attached to petitioner's motions are copies of a Notice of Levy and a Notice of Federal Tax Lien. These documents indicate that respondent is attempting to collect the deficiencies and the additions to tax that she determined are owing from petitioner for the taxable years 1989 through 1992. Petitioner contends that respondent's collection efforts are improper because petitioner filed petitions with the Court contesting respondent's

determinations for the taxable years 1989 through 1992. On October 23, 1996, petitioner supplemented his motions.

On October 25, 1996, respondent filed a Motion to Dismiss for Lack of Jurisdiction in each docket. In her motions, respondent asserts that the Court lacks jurisdiction because of petitioner's failure to file his petitions within the 90-day period prescribed in section 6213(a). In Responses filed to petitioner's motions to restrain assessment and collection, respondent contends that the Court lacks jurisdiction to grant such relief in these cases.

In a Statement filed December 17, 1996, petitioner contends that the notices of deficiency that were mailed to him on June 23, 1995, are null and void because respondent did not respond to his letter dated July 6, 1995.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's

"last known address."  Sec. 6212(b); <u>Frieling v. Commissioner</u>, 81 T.C. 42, 52 (1983).  The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency.  Sec. 6213(a).

There is no dispute that respondent mailed the notices of deficiency to petitioner at his last known address on June 23, 1995.  Further, petitioner admits that he received the notices of deficiency and, in early July 1995, returned them to respondent marked "Refusal For Cause Without Dishonor U.C.C. 3-501".  Petitioner did not file his petitions for redetermination with the Court until September 25, 1996--some 15 months after the notices of deficiency were mailed.  Thus, it is evident that petitioner did not timely file his petitions for redetermination.  Consequently, we will dismiss these cases for lack of jurisdiction on the ground that petitioner failed to file his petitions within the 90-day time period prescribed in section 6213(a).[2]

---

[2]  Although petitioner cannot pursue his case in this Court, he is not without a remedy.  In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).

As a final matter, we turn to petitioner's motions to restrain assessment and collection.  Section 6213(a) provides that the Tax Court may enjoin assessment or collection if the Commissioner is attempting to assess or collect amounts that have been placed in dispute in a timely-filed petition for redetermination.  Powerstein v. Commissioner, 99 T.C. 466, 471-472 (1992); Powell v. Commissioner, 96 T.C. 707, 711 (1991).  The record reflects that the amounts that respondent has assessed and is attempting to collect relate to petitioner's tax liability for 1989, 1990, 1991, 1992.  As a consequence of our holding that we lack jurisdiction over those years, it follows that we lack jurisdiction to enjoin assessment and collection.  Powell v. Commissioner, supra.  Accordingly, we will deny petitioner's motions for lack of jurisdiction.

To reflect the foregoing,

Appropirate orders granting respondent's motions, denying petitioner's motions, and dismissing these cases for lack of jurisdiction will be entered.