T.C. Memo. 2001-251


UNITED STATES TAX COURT


MICHAEL SKLAR AND MARLA SKLAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 395-01.                    Filed September 21, 2001.


Michael Sklar and Marla Sklar, pro sese.

<u>Steven M. Roth</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Petitioners, under Rule 121,[1] moved for

summary judgment on the question of whether the period for

assessment had expired at the time respondent conceded an

_____

    [1] Rule references are to the Tax Court Rules of Practice and
Procedure.  Section references are to the Internal Revenue Code,
in effect for the period under consideration.

adjustment concerning self-employment tax.  Petitioners do not object to the concession of self-employment tax adjustment, but to the corresponding elimination of the deduction for one-half the conceded self-employment tax adjustment.  Respondent objects to petitioners' motion, solely on the ground that the period for assessment was suspended under section 6503(a) at the time of the determination.  There is no dispute about any material fact, and this matter is ripe for summary judgment.

## Background

Petitioners' joint 1995 Federal income tax return was filed October 15, 1996.  On April 18, 1999, and again on October 14, 1999, petitioners executed Forms 872, Consent to Extend the Time to Assess Tax, agreeing to extend the assessment period to April 30, 2000, and October 31, 2000, respectively.

Respondent issued a Notice of Deficiency to petitioners on October 6, 2000, determining a $2,075 deficiency in income tax and an $8,123 deficiency in self-employment tax for petitioners' 1995 taxable year.  The self-employment tax deficiency was based on respondent's determination that petitioners received $83,514 of self-employment income, rather than $6,694 of self-employment income as reported on petitioners' 1995 return.  Because of the increase in self-employment tax liability, respondent correspondingly determined that petitioners were entitled to a deduction equal to one-half of the self-employment tax or $4,062.

Respondent also determined penalties and/or additions to the tax. On January 8, 2001, petitioners' petition was timely filed with this Court.

Respondent's answer was filed on March 1, 2001.  In his answer, respondent admitted error with respect to the determination of additional self-employment tax, as follows:

> Adjustment of Self-Employment Income to $83,514.00 in Lieu of $6,694.00:  Admits respondent erred in determining petitioners received self-employment income in the amount of $83,514 in lieu of $6,694 reported on their return.  Given this admission of error, respondent alleges as a matter of computation, petitioners' self-employment tax should not be increased, nor should they be allowed an increased self-employment tax deduction, as determined in the notice of deficiency.  [Emphasis supplied.]

Petitioners contend that respondent should not be allowed to take away the $4,062 deduction allowed in connection with the determination of additional self-employment tax liability because the period for assessment and, hence, the period within which respondent may make changes or adjustments expired prior to the time respondent conceded the self-employment income adjustment.

## Discussion

Petitioners' argument is based on their interpretation of the language of the consents executed by the parties in connection with the extension of the assessment period.  In particular, petitioners reference the portion of the consent form which provides that in the event respondent issues a Notice of Deficiency within the consent period, the period is further

extended by 60 days.  Petitioners point out that the second consent extended the assessment period until October 31, 2000. Petitioners believe that the 60-day language is a tack-on period that resulted in the period for assessment ending December 31, 2000, which was a Sunday followed by a holiday, so the period for assessment ended January 2, 2001.  Following that line of reasoning, petitioners note that respondent's answer was filed after January 2, 2001, the date petitioners believe the assessment period ended.  Based upon the above, petitioners argue that no further determinations are permissible.

Petitioners have misinterpreted the language on the consent form.  The specific language is as follows:

> (1) The amount(s) of any Federal **Income** tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended **1995** may be assessed at any time on or before **October 31, 2000.**  However, if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

That language provides for the extension of the assessment period to a date certain, unless respondent issues a notice of deficiency.  Then, an additional number of days is added, including the 60-day period relied on by petitioners.[2]

---

[2] We find it curious that petitioners' argument that the period for assessment and, therefore, adjustments to income expired seems to apply only to adjustments that adversely affect petitioners' tax liability.  Apparently, petitioners' position only applies where it negatively affects their tax status.

Once a notice of deficiency is timely issued within the period for assessment, including any valid extensions, then the period for assessment provided for in section 6501 is "suspended for the period during which the Secretary is prohibited from making the assessment * * * (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter." Sec. 6503(a). In that regard, section 6213(a) provides that, upon the issuance of a deficiency notice, the Commissioner is precluded from assessing a deficiency throughout the 90- or 150-day period in which a taxpayer may file a petition with the Tax Court. See <u>Powerstein v. Commissioner</u>, 99 T.C. 466, 471 (1992).

In this case, the notice of deficiency and petition were timely, and accordingly, the assessment period was suspended and did not expire, as petitioners contend.

To reflect the foregoing,

<u>An order will be issued</u>

<u>denying petitioners' Motion for</u>

<u>Summary Judgment.</u>