Henry **DIERKS** and Marvin Margolis, as Executors under the Last Will and Testament of John Dierks, deceased, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

United States District Court
S. D. New York.

Feb. 27, 1963.

Daniel H. Greenberg, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, for defendant, Morton L. Ginsberg, Asst. U. S. Atty., of counsel.

DAWSON, District Judge.

This is a motion brought on by an order to show cause to restrain the defendant, its officers, agents and employees from taking any steps to enforce the collection of certain Internal Revenue taxes against the estate of John Dierks, deceased, and for an order quashing, nullifying and setting aside a certain assessment against the said estate.

It appears, apparently without controversy, that on or about October 5, 1960, the Commissioner of Internal Revenue issued a deficiency letter addressed to John Dierks, assessing deficiencies in income taxes and penalties for the tax years 1949 through 1955, inclusive, aggregating a total of $208,519.10. Thereupon Mr. Dierks filed a petition for a review of this deficiency in the Tax Court. On November 30, 1962, the tax case was called for trial before the Tax Court. On that occasion counsel for Mr. Dierks handling the Tax Court proceedings entered into a written stipulation with representatives of the Internal Revenue Service for entry of a decision in said tax case, amounting to a deficiency in internal revenue taxes, fraud penalties, additions to the tax and statutory interest in the approximate sum of $247,996.19. In the stipulation is was provided that any and all restrictions contained in the Internal Revenue laws regarding the assessment and collection of the tax deficiencies were waived.

The attorney for the plaintiffs maintains that at the time this stipulation was entered into Mr. Dierks, who was then approximately eighty years of age, was in a coma; that he did not know

about the stipulation and did not authorize it; and that his counsel entered into the stipulation knowing of his physical condition without getting the approval of his client. Apparently Mr. Dierks shortly thereafter died. Counsel for the plaintiffs therefore contends that the stipulation is without binding effect upon Mr. Dierks or his estate. This, of course, is a question which properly should be decided in the Tax Court where the stipulation was filed. It is not an issue now before this Court.

However, the representatives of the Bureau of Internal Revenue have proceeded promptly to collect the taxes, having levied an assessment upon the estate and having served notices of liens upon various depositaries of funds of the estate. It is to restrain these collection activities that this order to show cause has been brought.

The basis upon which the order to show cause is sought is contained in Section 6213, Title 26 United States Code, which provides in part as follows:

"Except as otherwise provided in section 6861 [jeopardy assessments] no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until * * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *"

Plaintiffs contend that the decision of the Tax Court has not become final and that therefore under this provision of the act no proceedings for the levying of the tax can be made at the present time. Plaintiffs contend that the decision of the Tax Court does not become final, under the provisions of Section 7481 of Title 26 U.S.C., until the expiration of the time allowed for filing a petition for review, and that this time does not expire, under Section 7483, Title 26 U.S.C., until three months after the decision is rendered. This is correct. It is not disputed in this case that the decision of

the Tax Court was rendered on December 10, 1962, which would mean that it would not become final until March 10, 1963. In the meantime it may be presumed that proceedings can be brought in the Tax Court to set aside the stipulation on the grounds hereinabove mentioned, or that a petition to review can be sought.

The Government objects to the issuance of any injunction on the ground that Section 7421 of Title 26 U.S.C., provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. This section of the statute, however, specifically provides:

"Except as provided in sections 6212 (a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Therefore, one of the excepted situations is that contained in Section 6213(a). This section, which is the one restricting collection activities until the decision of the Tax Court has become final, also provides in part:

"Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

Reading these sections together it becomes obvious that Congress intended that no levy or proceeding in court for the collection of tax shall be made, begun or prosecuted until after the decision of the Tax Court has become final, and that until that time has expired the beginning of such tax collection proceedings or the making of a levy may be enjoined by a proceeding in the proper court. This is the proper court. If the well established rule prohibiting the courts from enjoining tax collections was applicable to this situation Congress would not have put the exception in Section 6213(a). Congress obviously intended that until the Tax Court decision had become final the

collection authorities would not begin collection activities or making levies to collect the tax, and that if they did they could be enjoined.

The Government contends in this case that the stipulation on which the decision was entered specifically waived any restrictions contained in the Internal Revenue laws regarding the assessment and collection of the tax deficiencies. However, the very validity of the stipulation itself is in question. In order to sustain its position the Government must show that the stipulation was a valid stipulation, and this is the issue which may still have to be determined by the Tax Court. Until this is done the decision of the Tax Court has not become final and any collection activities or levy must be restrained.

The motion for a preliminary injunction is granted. Submit interlocutory decree in accordance herewith.

So ordered.