GORDON F. KAMHOLZ, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket Nos. 34798-86, 27758-87.     Filed January 11, 1990.

Gordon F. Kamholz, pro se.
*Robert P. Crowther,* for the respondent.

PARR, *Judge:* Mr. Kamholz filed a motion to restrain the
assessment and collection of taxes by the Internal Revenue
Service (IRS). The recently enacted "Taxpayer Bill of
Rights" granted this Court jurisdiction (effective as to
orders entered after November 10, 1988) to restrain the
assessment and collection of any tax by the IRS, if the tax
is the subject of a timely filed petition pending before the
Court. Sec. 6243(a), Technical and Miscellaneous Revenue
Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3749.

The issues we must address in considering Mr. Kamholz'
motion are: (1) Whether we have jurisdiction to restrain the
IRS from collecting assessments from Mr. Kamholz pertain-
ing to the calendar years 1985 and 1987; (2) whether Mr.
Kamholz or respondent bears the burden of proving that
collection activities are proper and what standard of proof
applies; (3) whether the assessment the IRS intends to
collect is the subject of a timely filed petition before the

Court; and (4) whether Mr. Kamholz' request that we restrain collection of the assessment by the IRS should be granted.

### FINDINGS OF FACT

Respondent determined a deficiency in Mr. Kamholz' income tax for calendar year 1983 of $15,409, and additions to tax under sections 6661,[1] 6653(a)(1), and 6653(a)(2) in the respective amounts of $1,540.90, $770.45, and 50 percent of the interest due on the deficiency. The deficiency was based upon disallowed Schedule C losses of $26,730, and disallowed losses from the Daedalian and Desideratum partnerships of $3,036 and $5,997, respectively. On August 25, 1986, Mr. Kamholz timely filed a petition with the Court with respect to 1983, which was assigned docket No. 34798-86.

Respondent later determined a deficiency in and additions to Mr. Kamholz's income tax for the calendar year 1984. Mr. Kamholz timely filed a petition with the Court with respect to 1984, which was assigned docket No. 27758-87.

On July 22, 1988, respondent mailed a second notice of deficiency to Mr. Kamholz with respect to the calendar year 1983.[2] In the notice, respondent determined additions to tax under sections 6653(a)(1), 6653(a)(2), and 6659(a) in the respective amounts of $152, $3,026, and $908. As respondent acknowledges in his response to Mr. Kamholz' motion, the amount of the addition to tax under section 6653(a)(2) set forth in the notice of deficiency appears to be an error. In fact, the amount could not have been determined when the notice was mailed, since the amount of interest on which it was based had not been finally determined.

On October 19, 1988, Mr. Kamholz mailed a petition to the Court in response to the second notice of deficiency, which was received by the Court on October 24, 1988, and was assigned docket No. 27763-88. The petition alleged that

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Neither party has raised the issue of whether the mailing of the second notice of deficiency with respect to 1983 was restricted pursuant to sec. 6212(c).

respondent's determinations were in error, which was denied by respondent in his answer.

A copy of a digest of the records of the IRS concerning Mr. Kamholz' 1983 account shows entries on August 1, 1988, for an "examination tax assessment" of $3,026 and "manually assessed interest" of $1,700.40. Against these assessments was applied a credit of $65.70, resulting in a net assessed balance of $4,660.70.

On October 11, 1988, respondent filed a motion to dismiss for lack of jurisdiction and to strike, with respect to docket No. 34798-86. In the motion, respondent indicated that Notices of Final Partnership Administrative Adjustment (FPAA) were issued to the Daedalian and Desideratum partnerships on January 30 and April 16, 1987, respectively. However, the first notice of deficiency sent to Mr. Kamholz for 1983 had included disallowed losses from the partnerships. Respondent argued that Daedalian and Desideratum were "TEFRA partnerships"which, for the taxable year 1983, have their tax treatment determined at the partnership level pursuant to sections 6221 through 6233. On October 18, 1988, respondent's motion was granted. Accordingly, the portion of docket No. 34798-86 relating to adjustments from the partnerships was stricken from the pleadings and dismissed.

On June 1, 1989, we granted respondent's motion to consolidate docket Nos. 34798-86 and 27758-87 for trial, briefing, and opinion. On June 21, 1989, both dockets were tried before Judge Carolyn Miller Parr at the trial session of this Court in Anchorage, Alaska. Later on the same day, docket No. 27763-88 was separately called for trial. Respondent's counsel for the first time indicated that the case involved affected item additions to tax from the Daedalian partnership's investment in Century Concepts. Judge Parr recused herself from that case, terminated the proceedings, and continued the case generally.

On July 19, 1989, docket No. 27763-88 was reassigned to Judge Lawrence A. Wright.

An employee of the IRS's Automated Collection System in Ogden, Utah, sent a final notice of intention to levy dated November 2, 1989, to Mr. Kamholz's post office box in Chugiak, Alaska. The notice stated in part:

We have no record of receiving payment of your Federal taxes (see Account Summary). This is your notice that after 30 days from the date of this letter, WE WILL BEGIN ENFORCED COLLECTION ACTION. * * *

ACCOUNT SUMMARY

| TYPE OF TAX | PERIOD ENDING | ASSESSED BALANCE | STATUTORY ADDITIONS | TOTAL |
|---|---|---|---|---|
| 1040 | 12/31/83 | $4,660.70 | $1,145.86 | $5,806.56 |
| 1040 | 12/31/85 | 427.34 | 8.48 | 435.82 |
| 1040 | 12/31/87 | 0.00 | 651.80 | 651.80 |
| | | TOTAL AMOUNT DUE | | 6,894.18 |

On November 9, 1989, Mr. Kamholz filed a document with the Court, which was filed as a motion to restrain assessment and collection. Attached to the motion was a copy of the final notice of intention to levy. The motion states:

I do not understand my rights in this particular case. Am I to understand that the tax court sends some kind of court findings to the respondent and not to the petitioner? Inclosed [sic] with this letter you will notice a letter of deficiency [i.e., the notice of intention to levy].

1. My account summary for 1040 12-31-83[.] Is this the courts [sic] decision or findings?

2. My 1040 12-31-85 was paid in full on 6-22-87[.]

3. My 1040 12-31-87 I thought was paid, but if my records show otherwise it will be paid immediately.

Number 2 and 3 probably does not concern the court at this time, and was only briefed becouse [sic] they were on the deficiency letter. * * *

On November 22, 1989, we ordered respondent to file a notice of any objection to Mr. Kamholz's motion to restrain assessment and collection on or before November 29, 1989, and to set forth therein the basis for the objection. On December 4, 1989, the Court received respondent's response to the order and an affidavit of respondent's counsel in support of the response, both dated November 29, 1989. Since the 30-day period specified in respondent's notice of intention to levy had already expired upon the Court's receipt of the response, respondent voluntarily agreed to stay collection activities pending issuance of a ruling by the Court.

OPINION

The IRS may not assess or collect taxes which are the subject matter of a case pending in this Court until the decision of this Court becomes final. See sec. 6213(a). TAMRA added the following underscored language to section 6213(a):

Notwithstanding the provisions of section 7421(a) [the Anti-Injunction Act], the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of the petition.

Before TAMRA, the "proper court" under section 6213(a) for a taxpayer to seek injunctive relief, with respect to a case docketed in the Tax Court, was the Federal District Court. See *Laing v. United States,* 423 U.S. 161, 184 n. 27 (1976); *Dierks v. United States,* 215 F. Supp. 338 (S.D.N.Y. 1963). TAMRA granted this Court jurisdiction, concurrent with the Federal District Court, to restrain the assessment and collection of any tax by the IRS if the tax is the subject of a timely filed petition pending before this Court. H. Rept. 100-1104 (Conf.), at 230-231 (1988).

The first issue raised by respondent is whether this Court lacks jurisdiction to restrain the IRS from collecting assessments from Mr. Kamholz pertaining to the calendar years 1985 and 1987. Mr. Kamholz' cases pending in this Court relate to the calendar years 1983 (docket Nos. 34798-86 and 27763-88) and 1984 (docket No. 27758-87). The plain language of section 6213(a) limits our jurisdiction to enjoin assessment and collection of deficiencies which are the subject of timely filed petitions. Since the deficiencies for the years 1985 and 1987 are not the subject of timely filed petitions pending in this Court, we hold that we lack jurisdiction to restrain the IRS from collecting assessments pertaining to such years.

The second issue is whether Mr. Kamholz or respondent bears the burden of proof and by what standard. Neither party has raised or discussed this issue in his filings with the Court. Nonetheless, since our decision with respect to

the third issue hinges upon our findings of fact, it is imperative that we first decide which party bears the burden of proof and what standard of proof applies.

Section 6213(a) is silent as to the burden of proof for a motion to restrain assessment and collection. At present, there is no Tax Court Rule which specifically addresses a proceeding brought under section 6213(a). Under section 7453, the Tax Court is given the power to establish rules of practice and procedure for its proceedings. Tax Court Rule 142(a) provides that the petitioner generally bears the burden of proof, except as otherwise provided by statute or determined by the Court. *Williams v. Commissioner*, 92 T.C. 920, 934 (1989).

Here, we must decide whether to follow the usual rule that the petitioner bears the burden of proof, or whether special circumstances warrant that we provide otherwise. *Williams v. Commissioner, supra.*

In *Williams,* we were faced with deciding which party bears the burden of proof in the context of a proceeding to review respondent's determination to sell seized property under section 6863(b)(3)(C). We held that—

(1) If movant seeks a stay, movant must first request a stay on grounds that are plausible and believable.

(2) If movant does this, respondent must bear the burden of proving by a preponderance of the evidence that the determination to sell seized property was correct.

[*Williams v. Commissioner,* 92 T.C. at 935.]

Two of the reasons for generally placing the burden of proof upon the taxpayer are lacking in this case as they were in *Williams.* First, the IRS is in the best position to determine what makes up the assessment for 1983 set forth in its notice of intention to levy sent to Mr. Kamholz. Second, there is no indication in this case that the collection of the tax in dispute would be jeopardized by delay. Indeed, the IRS has not availed itself of the jeopardy assessment procedures under sections 6861 through 6864.

We think that Mr. Kamholz' motion to restrain assessment and collection sets forth "grounds that are plausible and believable": he has two cases docketed in this Court with respect to the 1983 taxable year, and respondent mailed him a notice of intention to levy also with respect to

1983. Upon this showing by Mr. Kamholz, we hold that respondent bears the burden of proving by a preponderance of the evidence that the assessments the IRS intends to collect for 1983 are not the subject of either of the cases pending in this Court with respect to 1983.

The third issue is whether the assessment with respect to 1983 that the IRS intends to collect is in respect of a deficiency that is the subject of a timely filed petition before this Court. This is a factual question which must be decided in order to determine whether we have jurisdiction to issue an injunction under section 6213(a).

Respondent argues that "available information indicates that the assessed tax in issue is a computational adjustment" due to partnership level adjustments flowing from the Daedalian partnership. Respondent supports his argument by stating:

First, the tax due from the petitioner if both the loss the petitioner claimed in connection with the Daedalian Joint Venture and the investment tax credit claimed on his 1983 federal income tax return are disallowed would be $3,026.00. (i.e. The tax on $15,727.00, the taxable income that is shown on the petitioner's 1983 return as filed, plus $3,036.00, the amount of the Daedalian loss, is $3,026.00 per the 1983 tax tables). * * *

Second, the additions to tax at issue in the case before the Court concerning the affected item penalties resulting from the petitioner's participation in the Daedalian Limited Partnership are all calculated based on additional tax of $3,026.00. (i.e. the $152.00 addition to tax pursuant to [section] 6653(a)(1) reasonably approximates 5 percent of $3,026.00, the addition to tax pursuant to [section] 6659 in the amount of $908.00 reasonably approximates 30 percent of $3,026.00, and the addition to tax pursuant to [section] 6653(a)(2) is described as fifty percent of the interest due on $3,026.00).[*] * * *

Further, the respondent notes that the amount of tax assessed is much different than the amount at issue in either of the cases before the Court that concern the petitioner's 1983 taxable year. Finally, the fact that there is a case before the Court which concerns affected item additions to tax due from the petitioner as a partner [in Daedalian] * * * makes it likely that a computational adjustment of some type has already been made with respect to that year. * * *

---

[*] This assertion is based on the language on the fourth page of the notice, which is the first Form 886-A of that notice. The face of the page of the notice, of course, indicates that the [section] 6653(a)(2) addition is in the amount of $3,026.00. *This appears to be an error.* The correct amount of the addition to tax would be $850.00, fifty percent of the

$1,700.00 interest assessed on the date the additional tax was assessed. [Emphasis added.]

We find respondent's explanation to be inadequate, since it is based upon conjecture. A more plausible explanation is that respondent prematurely assessed, and now wants to collect, the erroneously calculated addition to tax under section 6653(a)(2) of $3,026, which is the subject of docket No. 27763-88. The remaining assessed balance and statutory additions respondent intends to collect for 1983 also remain inadequately explained, and for all we know could be the subject of either or both of the two dockets before us for 1983.[3] Accordingly, we hold that respondent has failed to prove by a preponderance of the evidence that the assessment and statutory additions he intends to collect from Mr. Kamholz are not the subject of the deficiencies before us for 1983.

On July 22, 1988, respondent mailed a second notice of deficiency to petitioner for 1983. In the notice, as discussed *supra*, respondent improperly determined that Mr. Kamholz was liable for an addition to tax under section 6653(a)(2) in the amount of $3,026.

On October 19, 1988, Mr. Kamholz filed a petition (assigned docket No. 27763-88) with the Court alleging that the entire determination was in error, which respondent denied in his answer. On other grounds, respondent now acknowledges that his determination of an addition to tax under section 6653(a)(2) of $3,026 "appears to be an error." This statement by respondent is inconsistent with respondent's answer to Mr. Kamholz's petition. Accordingly, Mr. Kamholz's liability for the addition to tax under section 6653(a)(2) remains in issue in docket No. 27763-88.

Respondent's records also show that an "examination tax assessment" of $3,026 was made on August 1, 1988, which is a part of the $4,660.70 assessed balance respondent intends to collect. It was not until October 18, 1988, however, that we dismissed the portion of docket No. 34798-86 relating to adjustments from the Daedalian part-

---

[3]Judge Wright presently has jurisdiction over docket No. 27763-88, which contains the addition to tax under sec. 6653(a)(2) that we find was prematurely assessed by the IRS. Since respondent has failed to prove that the remaining assessed balance and the statutory additions he intends to collect are not the subject of docket No. 34798-86, which is pending before Judge Parr, jurisdiction over the disposition of this motion was retained by Judge Parr.

nership. The assessment date was thus prior to the dismissal date. Accordingly, respondent's explanation that the $3,026 represents the tax liability attributable to disallowed Daedalian losses and an investment tax credit claimed by Mr. Kamholz on his 1983 return cannot be correct. For respondent's argument to make any sense, the assessment would have had to occur after our dismissal. Further, respondent has failed to prove that the Daedalian partnership level proceedings have been resolved, and that Mr. Kamholz was properly assessed a computational adjustment.

The fourth and final issue is whether we should enjoin the IRS from collecting the assessment for 1983 contained in its notice of intention to levy sent to Mr. Kamholz.

Section 6213(a) speaks permissively by providing that premature assessments and collections "*may* be enjoined" (emphasis added) by this Court. The Ninth Circuit, where appeal of this case would lie, has rejected the argument that proof of an improper assessment mandates injunctive relief. Along with a showing of improper assessment, the taxpayer must prove irreparable injury and an absence of an adequate legal remedy (i.e., the payment of tax followed by a suit for refund). *Jensen v. Internal Revenue Service,* 835 F.2d 196, 198 (9th Cir. 1987); *Perlowin v. Sassi,* 711 F.2d 910, 912 (9th Cir. 1983); *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 313 (9th Cir. 1982).

These cases, however, did not involve collection activities by the IRS during the pendency of a case in this Court. Mr. Kamholz selected his legal remedy by filing his petitions with the Court with respect to 1983, and having done so we think it is irrelevant whether he would suffer irreparable injury should respondent collect. Since Mr. Kamholz has invoked this Court's jurisdiction to redetermine the deficiencies for 1983, respondent is barred from collecting the premature assessment which is the subject of the petitions until our decisions become final. Section 6213(a) unambiguously provides that—

no levy or proceeding in court for its [a deficiency's] collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, not until the expiration of such 90-day or 150-day period, as

the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *

Respondent's failure to prove that the assessments he intends to collect are not the subject of pending cases in this Court is sufficient ground for us to enjoin collection activities.

We will issue an order enjoining respondent from collecting the premature assessment for 1983 contained in his notice of intention to levy until the decisions of this Court with respect to 1983 become final.

*An appropriate order will be issued.*

