SILAS V. CROSS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 25415-90.          Filed May 18, 1992.

*Douglas D. Sulkosky,* for petitioner.
*John M. Altman,* for respondent.

## OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

BUCKLEY, *Special Trial Judge:* This matter is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed.

On August 8, 1990, respondent sent to petitioner, by certified mail, a notice of deficiency regarding petitioner's Federal income taxes for 1977, 1978, and 1979. In the statutory notice respondent determined the following deficiencies in and additions to tax:

| | | | Additions to tax | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6653(a)(1) | 6653(a)(2)[1] | 6651 |
| 1977 | $107,919 | $5,396 | 50% of the interest due on $107,919 | $26,980 |
| 1978 | 66,618 | 3,331 | 50% of the interest due on $66,618 | 16,655 |
| 1979 | 89,952 | 4,498 | 50% of the interest due on $89,952 | 22,488 |

[1]Although respondent determined additions to tax under secs. 6653(a)(1) and (2), the additions to tax for negligence for the years in issue were

---

[1]All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.

codified under sec. 6653(a). There was no addition to tax under sec. 6653(a)(2) applicable to the years in issue.

Petitioner, a Native American, is a member of the Puyallup Indian Nation. The notice of deficiency was mailed to and received by petitioner at his place of residence, 7522 Valley Avenue East, Puyallup, Washington 98371, which is located on the Puyallup Indian Reservation (sometimes hereafter the reservation). The reservation is geographically bounded on all sides by the State of Washington, and is therefore situated entirely within the mainland United States. On November 7, 1990, the 91st day after respondent mailed the notice of deficiency, petitioner sent his petition to this Court by certified mail. The petition was filed on November 13, 1990, which was 97 days after the mailing of the notice. Petitioner resided at the Puyallup Reservation in Washington State at the time he filed his petition in this Court.

Respondent contends that we lack jurisdiction over this matter and the case must be dismissed because the petition was not filed within the time required by section 6213(a). That section provides in pertinent part that "Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency."

Our jurisdiction is invoked only by the issuance of a valid notice of deficiency followed by the timely filing of a petition. *Monge v. Commissioner*, 93 T.C. 22, 27 (1989). No dispute exists over the validity of respondent's notice of deficiency. Thus, if petitioner untimely filed his petition we are without jurisdiction to hear the case. See Rule 13(c). The petition in this case was filed 97 days after the notice of deficiency was mailed.

Petitioner contends that the petition was timely filed pursuant to section 6213(a). His argument is novel. He maintains that the notice of deficiency was addressed to him outside the United States, and he therefore had 150 days in which to file his petition. In petitioner's view, the reservation is an independent sovereign nation and is therefore outside the United States within the meaning of section 6213(a).

On brief, petitioner presents a lengthy discussion of the treaty accord reached in 1854 between the United States and

the Puyallup Indian Nation and what he views as legally significant events leading to and following the date of the treaty. He vehemently argues that under principles of international and real property law the lands reserved to the Puyallup Indian Nation are owned exclusively by it, that the reservation is an independent sovereign separate and apart from the United States, and that for purposes of applying section 6213(a) the reservation is therefore outside of the United States.

At this particular juncture of the proceedings we find it unnecessary to decide whether, or to what extent, the Puyallup Indian Reservation constitutes an independent sovereign nation. The reservation is unquestionably physically located wholly inside the boundaries of Washington State and thus the United States. It is not outside the United States within the meaning of section 6213(a).

The 150-day rule for persons outside the United States was added to the Internal Revenue Code of 1939 by section 168 of the Revenue Act of 1942, ch. 619, 56 Stat. 876. The congressional concern addressed by the legislative change is readily apparent from the following report of the Senate Finance Committee:

> Under existing law if a notice of deficiency in income tax is mailed to a taxpayer he has 90 days within which to file his petition * * * . *In the case of a taxpayer in remote places, such as Hawaii or Alaska, this time limit may possibly work a hardship because of delays in transporting mail* that may occur during the present hostilities. To correct this hardship section 272(a)(1) [now section 6213(a)] of the code has been amended to increase the period to 150 days if the notice is mailed to a person outside the States of the Union and the District of Columbia. * * * [S. Rept. 1631, 77th Cong., 2d Sess. 154 (1942); emphasis added.]

At the time, Hawaii and Alaska were not States of the Union and by "present hostilities" the committee was of course referring to World War II. Hawaii and Alaska have since been admitted to the Union and World War II has long been over, but the 150-day rule, with its language essentially unchanged, remains in the current Internal Revenue Code. Clearly, the 150-day rule was left in the Code to alleviate the hardship that may be worked upon taxpayers in remote locations. We can

surmise no reason why Congress would extend the time for filing a petition for persons physically located inside the boundaries of the United States, albeit they may be located on Indian reservations possessing aspects of independent sovereignty. Such persons are at no logistical disadvantage and have the same access to the U.S. Postal Service as any other U.S. resident.

In fact, even Alaska and Hawaii, which are a considerable distance from the mainland United States, are not outside the United States for purposes of section 6213(a). As respondent points out in her brief, Congress amended section 6213(a) in 1976 so as to change the wording of the statute from "States of the Union and the District of Columbia" to simply the "United States". Tax Reform Act of 1976, Pub. L. 94-455, sec. 1906(a)(15), 90 Stat. 1825. The legislative history demonstrates that Congress intended a geographical meaning to attach to the term "United States" in section 6213(a), by incorporating the definition appearing in section 7701(a)(9). S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 574. Geographically, the Puyallup Indian Reservation is situated within the boundaries of the State of Washington.

We accordingly hold that petitioner was not outside the United States for purposes of section 6213(a) when the notice of deficiency was mailed (and received). We will grant respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. Consequently, we will deny petitioner's motion to dismiss for lack of jurisdiction because it relates to the merits of the issues involved in this case. We will also deny petitioner's motion for an order holding that his assets are immune from seizure by the Internal Revenue Service because this Court has no jurisdiction over this matter. See *Schlosser v. Commissioner,* 94 T.C. 816, 823 (1990); *Kamholz v. Commissioner,* 94 T.C. 11, 15 (1990).

To reflect the foregoing,

*An appropriate order and order of dismissal will be entered.*