WILLIAM B. MCGARVIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGarvin v. Commissioner
Docket No. 6705-93
United States Tax Court
T.C. Memo 1994-410; 1994 Tax Ct. Memo LEXIS 419; 68 T.C.M. (CCH) 489; August 22, 1994, Filed *419 An appropriate order granting respondent's motion to dismiss will be entered. For petitioner: William B. McGarvin. For respondent: Thomas C. Pliske. LARO
LARO
MEMORANDUM OPINION LARO, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file his petition within the time prescribed in section 6213(a) or 7502. [1] William B. McGarvin filed a petition with this Court on April 2, 1993, [2] *420 in connection with respondent's determination of: (1) A $ 9,001 deficiency in his 1990 Federal income tax and (2) additions thereto of $ 1,079 under section 6651(a) and $ 250 under section 6654(a). [3] Respondent's determination is reflected in a notice of deficiency that she mailed to petitioner by certified mail on December 29, 1992. Respondent mailed this notice to petitioner's last known address of 14839 Ralls, Bridgeton, Missouri 63044-1937. This Court issued an order to petitioner on July 20, 1994, to "on or before close of business on August 5, 1994, show cause *421 in writing by filing with the Court and serving on respondent's counsel his reasons why respondent's Motion to Dismiss for Lack of Jurisdiction should not be granted and the petition in this case dismissed." Petitioner was not responsive to our order. Petitioner bears the burden of proving that this Court has jurisdiction to decide this case. Stone v. Commissioner, 73 T.C. 617, 618 (1980); Cassell v. Commissioner, 72 T.C. 313, 317-318 (1979), Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977), and the cases cited therein. It is well established that our jurisdiction requires a valid notice of deficiency and a timely filed petition, and that we must dismiss a case in which one or the other is not present. Sec. 6213(a); Cross v. Commissioner, 98 T.C. 613, 615 (1992); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pietanza v. Commissioner, 92 T.C. 729, 735 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). *422 Section 6213(a) provides that where a notice of deficiency is addressed to an individual within the United States, he or she may file with this Court, within 90 days of the mailing of the notice of deficiency, a petition to redetermine the deficiency. Section 7502(a) provides that timely mailing is treated as timely filing if a petition is delivered to the Court by U.S. mail after the time period prescribed for its filing and the U.S. postmark date stamped on the envelope is within the appropriate time period. The 90-day period in which petitioner could challenge respondent's determination in this Court expired on Monday, March 29, 1993, which date was not a legal holiday in the District of Columbia. Because petitioner failed to file his petition within the statutory 90-day period, we must grant respondent's motion to dismiss for lack of jurisdiction. Our decision, however, does not deprive petitioner of his right to contest respondent's determination by paying the tax, filing a claim for refund, and then, if denied, bringing a suit for refund in the appropriate forum, i.e., the United States District Court or the Court of Federal Claims. Our decision merely denies petitioner *423 the privilege of contesting respondent's determination in this Court. Budlong v. Commissioner, 58 T.C. 850, 854 n.2 (1972); McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970). To reflect the foregoing, An appropriate order granting respondent's motion to dismiss will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue.↩
2. The petition was mailed to this Court by certified mail in an envelope that bears a U.S. postmark of Mar. 30, 1993.↩
3. When this petition was filed, petitioner lived in Bridgeton, Missouri. Petitioner's petition states as follows: 1. Petitioner disagrees with the tax deficiencies for the years 1990, 1991, as set forth in the NOTICE OF DEFICIENCY dated Dec. 29, 1992. The notice was issued at the foreign office at St. Louis, Republic of Missouri. 2. Petitioner's Taxpayer I.D. Number (None) 3. Petitioner disputes all of the alleged deficiency, additions, penalty interest. 4. (I Set forth some of those adjustments, i.e. changes, in the Notice of Deficiency with which I disagree and why I disagree.) A. All income received by Petitioner is gross income from without the United States as defined in 26 U.S.C. 862 and 26 C.F.R. 1.862 et. seq.
B. The Secretary of the Treasury did not delegate authority to the "Commissioner of Internal Revenue" to administer and enforce the Internal Revenue laws through an unsigned↩ T.D.O. 150-110 (1982).