ALLEN GARRETT BURNETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burnett v. Commissioner
Docket No. 2230-93
United States Tax Court
T.C. Memo 1994-475; 1994 Tax Ct. Memo LEXIS 483; 68 T.C.M. (CCH) 811; September 29, 1994, Filed *483 Decision will be entered for respondent. Allen Garrett Burnett, pro se. For respondent: Julie M. T. Foster. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181 and 182. [1] Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1990 in the amount of $ 5,696, and additions to tax under section 6651(a)(1) in the amount of $ 1,424, and under section 6654(a) in the amount of $ 374.71. [2]
The issues for decision are: (1) Whether petitioner is *484 liable for a deficiency in tax as determined by respondent; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1); and (3) whether petitioner is liable for an addition to tax under section 6654(a). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Rex, Georgia, when his petition was filed. During 1990, petitioner was employed by Folks, Inc., owner of Po' Folks restaurant, and received wages totaling $ 31,336.48. Petitioner claimed an exemption from withholding taxes on his Form W-4 filed with his employer, and failed to file a Federal income tax return for the taxable year 1990. On October 30, 1992, respondent sent a notice of deficiency to petitioner by certified mail. On December 2, 1992, the Court received a letter from petitioner declaring his intention to dispute the deficiency, and requesting that any necessary forms be sent to him. We filed this letter as a petition. On January 29, 1993, 91 days after the mailing date of the notice, petitioner mailed a document entitled "Petition" to the Court (T.C. Form 2). This document was received *485 and filed on February 1, 1993, as petitioner's amended petition. [3]
On March 19, 1993, respondent filed a motion to dismiss for lack of jurisdiction on the grounds that the petition was late. Petitioner objected on various grounds, including the Fifth Amendment, lack of due process, and the unconstitutionality of the 90-day period. In his objection, filed April 7, 1993, petitioner also sought to amend his petition to include a notice of deficiency for 1988, and any other notices, "known or unknown", concerning petitioner. In addition, petitioner requested that we stay all assessment *486 and collection activities with regard to his tax liabilities, regardless of year, until the final disposition of this case. By Order dated April 12, 1993, we denied respondent's motion to dismiss because the letter received from petitioner on December 2, 1992, constituted a valid petition. Rule 41(a) prohibits amendments filed after the time for filing the petition has expired that confer jurisdiction on this Court over a matter not within our jurisdiction under the original petition. Petitioner's request to include the 1988 notice, as well as other "known or unknown" notices, and to stay all assessment and collection activities, was made after the 90-day period to file a petition expired. If granted, this request would confer jurisdiction on the Court over years not raised in the petition. Furthermore, it is well established that our jurisdiction requires a valid notice of deficiency and a timely filed petition. Sec. 6213(a); Cross v. Commissioner, 98 T.C. 613, 615 (1992); Kamholz v. Commissioner, 94 T.C. 11, 15 (1990). Since petitioner's request to include other notices violates Rule 41(a), and since a timely petition *487 is a prerequisite to our jurisdiction to restrain, petitioner's request is denied.[4] However, as we recently noted in McGarvin v. Commissioner, T.C. Memo. 1994-410, petitioner may contest a determination by paying the tax, filing a claim for refund, and if it is denied, bringing suit for refund in the appropriate forum, i.e., the U.S. District Court or Court of Federal Claims. Our decision merely denies petitioner the privilege of contesting respondent's determination in this Court. Budlong v. Commissioner, 58 T.C. 850, 854 n.2 (1972). In his amended petition, petitioner raises the following arguments: (1) That wages represent an equal exchange of property and, therefore, are not taxable income; (2) that income taxes are unconstitutional, in that *488 they discriminate against particular groups; (3) that income tax returns violate the Fifth Amendment; and (4) that the 90-day period in which a taxpayer must file his or her petition with the Tax Court violates due process. The determination of respondent is presumed to be correct, and petitioner bears the burden of proving that respondent erred in her determination. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). The most fundamental principle of the tax code is found in section 61(a), which provides that gross income means all income from whatever source derived, including compensation for services. Sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable."). To argue otherwise is an exercise in futility. Petitioner is a classic tax protester raising traditional protester arguments. Such arguments are repeatedly rejected by every court before which they are raised. See, e.g., Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); *489 Rowlee v. Commissioner, 80 T.C. 1111 (1983); Nieman v. Commissioner, T.C. Memo. 1993-533. In Crain v. Commissioner, supra at 1417, when a tax protester raised similar arguments, the Court of Appeals for the Fifth Circuit opined: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." We agree. Respondent's determination of the deficiency is sustained. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not to willful neglect. Petitioner bears the burden of proof. Rule 142(a); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). Petitioner testified that he intentionally failed to file his tax returns and intends to continue to do so. We therefore hold that petitioner is liable for the addition to tax under section 6651(a)(1). Under section 6654(a), unless the taxpayer fits into a specific exception, an addition to tax is mandatory if the *490 total tax withheld, or the estimated tax payments during the course of the year, do not equal the percentage of liability required under the statute to be paid as estimated tax. Sec. 6654; Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner offered no evidence of an applicable exception, and, therefore, is liable for this addition to tax. The final matter we consider is whether we should, on our own motion, award a penalty to the United States under section 6673. Section 6673(a), as amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, provides, in pertinent part: (1) Procedures instituted primarily for delay, etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or
* * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner had no interest in disputing either the deficiency *491 or the additions to tax determined by respondent. Furthermore, it is clear that petitioner instituted this action to delay the assessment and collection of Federal income tax rightfully due. Rather, petitioner has raised only the tired, discredited arguments which are characterized as tax protester rhetoric. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner testified that he has not filed a tax return since 1980, and plans to litigate each and every notice of deficiency he receives with the same arguments. Based upon the established law, petitioner's arguments are groundless. Taxpayers with genuine controversies were delayed while we considered this case. Accordingly, we will require petitioner to pay a penalty to the United States in the amount of $ 2,500. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). To reflect the foregoing, Decision will be entered for respondent *492 . Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In his petition, petitioner contested a deficiency in the amount of $ 8,408.75. He arrived at this amount by totaling the deficiency of $ 5,696, the additions to tax in the amounts of $ 1,424 and $ 374.71, and the interest accrued, as of the date of the notice, in the amount of $ 914.04.↩
3. At trial, petitioner repeatedly denied any intention of having the letter serve as the petition in this case, claiming that he deliberately mailed the petition 91 days after the date of the notice. However, since this Court previously held that we have jurisdiction in this matter, and since it is our belief that petitioner does not understand the consequence of his arguments, we stand by our earlier ruling and maintain jurisdiction.↩
4. We would have jurisdiction over the issue of whether to restrain respondent from assessment and collection with regard to the 1990 taxable year. However, since we find for respondent, this issue is moot.↩