T.C. Memo. 1998-179


UNITED STATES TAX COURT


DEBORAH F. ROBINSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10673-97.                    Filed May 13, 1998.


Deborah F. Robinson, <u>pro</u> se.

<u>Brendan G. King</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, <u>Special Trial Judge</u>:  This case is before the Court on (1) Petitioner's Motion to Restrain Assessment or Collection; and (2) Respondent's Motion to Dismiss for Lack of Jurisdiction.

<u>Background</u>

On August 26, 1991, respondent sent petitioner a notice of deficiency for the taxable year 1988 (the notice of deficiency for 1988).  In the notice of deficiency for 1988, respondent determined the following deficiency in petitioner's Federal income tax and additions to tax:

|  |  | Additions to Tax | |
| --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a) | Sec. 6653(a)(1) |
| 1988 | $9,713 | $320 | $486 |

On February 23, 1993, respondent sent petitioner a notice of deficiency for the taxable year 1989 (the notice of deficiency for 1989).  In the notice of deficiency for 1989, respondent determined the following deficiency in petitioner's Federal income tax and additions to tax:

|  |  | Additions to Tax | |
| --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654 |
| 1989 | $27,822 | $4,291.75 | $1,080.24 |

---

[1]  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On October 1, 1993, respondent sent petitioner a notice of deficiency for the taxable year 1991 (the notice of deficiency for 1991).  In the notice of deficiency for 1991, respondent determined the following deficiency in petitioner's Federal income tax and addition to tax:

| Year | Deficiency | Addition to Tax Sec. 6651(a) |
|------|-----------|------------------------------|
| 1991 | $14,120   | $623                         |

The notices of deficiency for 1988, 1989, and 1991 were sent by certified mail and were addressed to petitioner at 1554 Summit Avenue, Hillside, New Jersey 07205 (the Summit Avenue address). Each such notice was returned to respondent by the Postal Service marked "unclaimed".

Respondent's records do not indicate that a notice of deficiency was sent to petitioner for the taxable year 1990.

Petitioner filed income tax returns claiming refunds for the following taxable years on the indicated dates:

| Year | Date Filed | Refund Claimed |
|------|-----------|----------------|
| 1988 | 10/21/92  | $1,725         |
| 1989 | 06/20/94  | 7,317          |
| 1990 | 07/02/96  | 1,254          |
| 1991 | 11/19/96  | 10,650         |

Petitioner did not file an income tax return for the taxable year 1992.

Petitioner's 1988 and 1989 income tax returns listed the Summit Avenue address as petitioner's address.  Petitioner's 1990 and 1991 income tax returns listed a different address; namely,

P.O. Box 5072, Hillside, New Jersey 07205 (the P.O. Box 5072 address).

At the time that the notice of deficiency for 1988 was mailed, respondent's files pertaining to petitioner's 1988 taxable year included correspondence from petitioner dated June 15, 1991.  That correspondence reflected the Summit Avenue address as petitioner's address.[2]

Petitioner filed a petition for redetermination with the Court on May 27, 1997.[3]  The petition arrived at the Court by certified mail in an envelope bearing a U.S. Postal Service postmark date of May 21, 1997.

The petition, which does not bear petitioner's original signature and which was not accompanied by the filing fee,[4] seeks to place in issue the taxable years 1988, 1989, 1990, and 1991. The petition does not include a copy of any notice of deficiency for 1990.  See Rule 34(b)(8).

Subsequent to the filing of the petition, petitioner filed a Motion to Restrain Assessment or Collection.  Petitioner attached to her motion copies of approximately 40 letters, virtually all

_____

[2]  The record does not include a copy of petitioner's income tax return for 1987, and the record is otherwise silent regarding what address was listed thereon.

[3]  The petition lists the P.O. Box 5072 address as petitioner's address.

[4]  Rules 33(a), 23(a)(3), and 34(b)(7) require that a petition bear the original signature of a petitioner.  Rule 20(b) requires that a petition be accompanied by a $60 filing fee.

of which were sent by certified mail,[5] to various Internal Revenue Service offices.  Letters dated June 15, 1991, October 5, 1992, October 18, 1992, December 12, 1992, March 14, 1995, July 23, 1995, October 4, 1995, and November 15, 1995, list the Summit Avenue address as petitioner's address.  The remaining letters list the P.O. Box 5072 address as petitioner's address.

Of the letters attached to petitioner's motion that list the P.O. Box 5072 address as petitioner's address, the earliest is dated January 11, 1994.  The second earliest is dated November 29, 1995.

Shortly after petitioner filed her motion to restrain, respondent filed a Motion to Dismiss for Lack of Jurisdiction.[6] Respondent's motion is premised on the ground that, for the taxable years 1988, 1989, and 1991, the petition was not timely filed within the time prescribed by section 6213(a) or section 7502.  For the taxable year 1990, respondent's motion is premised on the ground that respondent is unaware of any notice of deficiency having been sent to petitioner for that year.[7]

---

[5]  The exhibits to petitioner's motion include copies of 41 domestic return receipts (PS Forms 3811) for certified mail sent to various IRS offices.

[6]  Respondent also filed a Notice of Objection to petitioner's motion on the ground that the Court lacks jurisdiction in this case.

[7]  The record suggests that respondent accepted petitioner's 1990 return as filed and applied the refund claimed thereon to an outstanding liability for some other taxable year.

Petitioner filed an objection to respondent's motion. In her objection, petitioner alleges that the notices of deficiency for 1988, 1989, and 1991 were not sent to her at her last known address. In this regard, petitioner attached to her objection copies of purported letters dated April 10, 1988, and March 3, 1989, that direct respondent to use the P.O. Box 5072 address, rather than the Summit Avenue address. Neither letter lists petitioner's tax identification number nor does either reference a particular taxable year. Further, neither letter purports to have been sent by certified mail.[8]

Respondent has no record of having received either the purported letter dated April 10, 1988, or the purported letter dated March 3, 1989.

Pursuant to notice, petitioner's motion to restrain and respondent's motion to dismiss were called for hearing at the Court's Trial Session in New York, New York, on March 20, 1998.

---

[8] The purported letter dated Apr. 10, 1988, reads as follows:

> For security reasons, please forward my refund check to the below listed address. Please also forward any and all other correspondence to my below listed address. All correspondence from your offices, if any, need also be delivered by regular mail. My work related travel does not afford me the opportunity to collect deliveries other than that forwarded by regular mail. Thank you.

The purported letter dated Mar. 3, 1989, is essentially the same, except that the phrase "Second Notice" appears twice above the date on that letter.

Counsel for respondent appeared at the hearing and presented argument in support of the pending motion.  There was no appearance by or on behalf of petitioner.

Discussion

The Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is immaterial.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52.  The taxpayer, in turn, generally has 90 days from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

Respondent's Motion To Dismiss: Taxable Years 1988, 1989, and 1991

There is no question that the notices of deficiency for 1988, 1989, and 1991 were mailed to petitioner on August 26, 1991, February 23, 1993, and October 1, 1993, respectively. Further, there is no question that the petition was not filed until May 27, 1997, well after the expiration of each of the 90-day periods for filing a timely petition. Accordingly, it follows that we must dismiss this case for lack of jurisdiction insofar as the 1988, 1989, and 1991 taxable years are concerned. However, in view of petitioner's assertion that the notices of deficiency for those years were not mailed to petitioner at her last known address, the issue presented is whether the dismissal of those 3 years should be based on petitioner's failure to file a timely petition under section 6213(a) or respondent's failure to issue a valid notice of deficiency under section 6212. If jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss on that ground, rather than for lack of a timely-filed petition. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Keeton v. Commissioner, 74 T.C. 377, 379-380 (1980).

As indicated, the parties disagree whether the notices of deficiency for 1988, 1989, and 1991 were mailed to petitioner at her last known address as required by section 6212(b).

The phrase "last known address" is not defined in the Code or in the regulations.  We have held that a taxpayer's last known address is the address shown on his or her most recently filed return, absent clear and concise notice of a change of address.  Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988).  The burden of proving that the notice of deficiency was not sent to the taxpayer at his or her last known address is on the taxpayer.  Yusko v. Commissioner, supra at 808.

Respondent contends that the Summit Avenue address was petitioner's last known address.  In contrast, petitioner contends that the P.O. Box 5072 address was her last known address.

The record in this case convincingly demonstrates that the Summit Avenue address was petitioner's last known address on each of the three dates on which a notice of deficiency was mailed.

At the times that the notices of deficiency were sent to petitioner, respondent's files included correspondence from petitioner reflecting the Summit Avenue address as petitioner's address.  Also, at the times that the notices of deficiency for 1989 and 1991 were sent to petitioner, respondent possessed petitioner's income tax return for 1988, petitioner's most

recently filed return, which also listed the Summit Avenue address as petitioner's address.

To counter the foregoing, petitioner alleges that she directed respondent by letters dated April 10, 1988, and March 3, 1989, to change her address from the Summit Avenue address to the P.O. Box 5072 address. For the following reasons, however, we do not find that the purported letters served to give respondent clear and concise notice of a change of address.

First, respondent has no record of ever having received either the purported letter dated April 10, 1988, or the purported letter dated March 3, 1989. Although we can imagine that one such letter might be misfiled by respondent, we question whether two such letters would be misfiled, particularly in view of the fact that petitioner's other correspondence seems to have found its way into respondent's hands.

Second, it is petitioner's practice to send correspondence to respondent by certified mail. However, there is no indication that either the purported letter dated April 10, 1988, or the purported letter dated March 3, 1989, was sent by certified mail. We find this odd, given the fact that "for security reasons", petitioner allegedly wanted her refund checks to be sent to the P.O. Box 5072 address and not to the Summit Avenue address.

Third, petitioner's income tax returns for 1988, 1989, 1990, and 1991 all listed petitioner's address as the Summit Avenue

address.[9]  Surely petitioner must have realized that respondent was likely to use the address appearing on her returns in corresponding with her.  And surely petitioner must have realized that respondent was likely to use the address appearing on her returns in issuing her a refund check.[10]  After all, it was "for security reasons" that petitioner allegedly notified respondent of a change of address.

Fourth, in corresponding with respondent, petitioner continued to use the Summit Avenue address as late as November 1995.  Thus, correspondence attached to petitioner's motion to restrain shows that petitioner used the Summit Avenue address in letters dated June 15, 1991, October 5, 1992, October 18, 1992, December 12, 1992, March 14, 1995, July 23, 1995, October 4, 1995, and November 15, 1995.

Fifth, based on petitioner's motion to restrain, petitioner first used the P.O. Box 5072 address in January 1994 and then not again until late November 1995.  Between those times, petitioner used the Summit Avenue address in letters to respondent dated

_____

[9]  It will be recalled that petitioner's tax returns for 1988, 1989, 1990, and 1991 were filed on Oct. 21, 1992, June 20, 1994, July 2, 1996, and Nov. 19, 1996.  Thus, all four returns listing the Summit Avenue address were filed after the purported letter dated Apr. 10, 1988, and the purported letter dated Mar. 3, 1989.

[10]  It will be recalled that petitioner's tax returns for 1988, 1989, 1990, and 1991 claimed refunds in the amounts of $1,725, $7,317, $1,254, and $10,650, respectively.

March 14, 1995, July 23, 1995, October 4, 1995, and November 15, 1995.

Sixth, we think it odd that petitioner did not include copies of the purported letters dated April 10, 1988, and March 3, 1989, as exhibits to her motion to restrain in view of the fact that she attached approximately 40 of her other letters, which presumably constituted all of her correspondence with respondent. Indeed, the purported letter dated April 10, 1988, and the purported letter dated March 3, 1989, first came to light only after the filing of respondent's motion to dismiss.

Respondent's Motion To Dismiss: Taxable Year 1990

Respondent asserts that a diligent search of respondent's records has not disclosed the existence of any notice of deficiency for the taxable year 1990. Petitioner has not given us any reason to question respondent's assertion. If no notice of deficiency was issued for 1990, then we lack jurisdiction over that year. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. at 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. at 147 (1988).

Petitioner's Motion To Restrain

Pursuant to section 6213(a), this Court has jurisdiction to restrain assessment and collection of a deficiency if the deficiency is the subject of a timely filed petition pending before the Court. Powell v. Commissioner, 96 T.C. 707, 711 (1991). Stated otherwise, we have no jurisdiction to enjoin

assessment or collection of a deficiency if respondent's collection efforts relate to a taxable year over which we have no jurisdiction.  Schlosser v. Commissioner, 94 T.C. 816, 823 (1990); Kamholz v. Commissioner, 94 T.C. 11, 15 (1990).

Because we lack jurisdiction over all 4 of the taxable years that petitioner wishes to place in issue, we are constrained to deny petitioner's motion to restrain.

Conclusion

In view of the foregoing, we hold that the notices of deficiency for 1988, 1989, and 1991 were sent to petitioner at her last known address.[11]  We also hold that no valid notice of deficiency for 1990 was sent to petitioner.

To give effect to the foregoing,

An order will be entered denying petitioner's motion to restrain assessment or collection, and granting respondent's motion to dismiss for lack of jurisdiction.

---

[11]  Although petitioner cannot pursue her case in this Court, she is not without a remedy.  In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).