T.C. Memo. 2006-26

UNITED STATES TAX COURT

ROBERT MUSSELMAN AND ADRIANNE MAGD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7170-05.                    Filed February 15, 2006.

Robert Musselman and Adrianne Magd, pro sese.

<u>Loren B. Mark</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  This case is before the Court on respondent's
motion to dismiss for lack of jurisdiction on the ground that
petitioners failed to file their petition within the time
prescribed in section 6213(a) or 7502.[1]  On April 18, 2005,

_____

[1] Section references are to the applicable versions of the
(continued...)

petitioners filed with this Court a petition for redetermination of the deficiency reflected in a notice of deficiency that was sent to them by certified mail on January 3, 2005.[2] Respondent mailed the notice of deficiency to petitioners' last known address of 13788 Woodhill Ln., Chino Hills, California 91709.

Petitioners bear the burden of proving that this Court has jurisdiction to decide this case. See Cassell v. Commissioner, 72 T.C. 313, 317-318 (1979). It is well established that our jurisdiction requires a valid notice of deficiency and a timely filed petition, and we must dismiss a case in which either one or the other is not present. Sec. 6213(a); Cross v. Commissioner, 98 T.C. 613, 615 (1992). Section 6213(a) provides that where a notice of deficiency is addressed to a person within the United States, the taxpayer may file with this Court a petition to redetermine the deficiency within 90 days of the mailing of that notice of deficiency. Section 7502(a) provides that in general, timely mailing is treated as timely filing if a petition is delivered to the Court by U.S. mail after the period prescribed for its filing and the U.S. postmark date stamped on the envelope is within the appropriate period.

---

[1](...continued)
Internal Revenue Code.

[2] When this petition was filed, petitioners lived in Chino Hills, California. Their petition stated that "TAXPAYER HAS ADDITIONAL DEDUCTIONS TO CLAIM."

Under sections 6213(a) and 7503, the 90-day period within which petitioners could challenge respondent's determination in this Court expired on April 4, 2005. The envelope in which the petition was mailed to this Court bears no postmark date, but petitioners did not even sign the petition until April 7, 2005, which was 3 days after the deadline. Further, petitioners failed to respond to respondent's motion and do not argue that they mailed the petition on or before the deadline. Because petitioners failed to file their petition within the statutory 90-day period, we must grant respondent's motion to dismiss for lack of jurisdiction. Our decision, however, does not deprive petitioners of their right to contest respondent's determination by paying the tax, filing a claim for refund, and then, if the claim is denied, bringing a suit for refund in a U.S. District Court or the Court of Federal Claims. Our decision instead forecloses petitioners from contesting respondent's determination in this suit. See Budlong v. Commissioner, 58 T.C. 850, 854 n.2 (1972).

Accordingly,

An order of dismissal will be entered.