T.C. Memo. 2006-132

UNITED STATES TAX COURT

THOMAS H. CASSEL III & JONITA M. CASSEL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5462-05.                    Filed June 26, 2006.

Thomas H. Cassel III and Jonita M. Cassel, pro sese.

<u>Brooke W. Patterson</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Respondent moves the Court to dismiss this
case for lack of jurisdiction, asserting that the petition
commencing this case was filed with the Court in violation of the
automatic stay of 11 U.S.C. section 362(a)(8) (2000).
Petitioners object to respondent's motion, arguing that
respondent has waived the right to challenge the Court's

jurisdiction in this case. Petitioners also argue that equity demands that respondent's motion be denied because the time in which a petition may be filed with the Court as to the notice of deficiency at hand has apparently expired.

We shall grant respondent's motion and dismiss this case for lack of jurisdiction. Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.

## Background

On December 13, 2004, respondent issued to petitioners a notice of deficiency determining a $42,299 deficiency in their 2002 Federal income tax and an $8,460 accuracy-related penalty under section 6662(a). On February 11, 2005, petitioners filed for bankruptcy protection in the U.S. Bankruptcy Court for the Northern District of Mississippi. On March 21, 2005, petitioners petitioned this Court to redetermine the deficiency and accuracy-related penalty reflected in the notice of deficiency for 2002. On August 18, 2005, petitioners received a discharge in the bankruptcy case.

## Discussion

This Court's jurisdiction in a deficiency case hinges on a valid notice of deficiency and a timely filed petition, and we must dismiss a case in which either one or the other is not present. See sec. 6213(a); Cross v. Commissioner, 98 T.C. 613, 615 (1992). Respondent asserts that the Court lacks jurisdiction

because there is no timely petition. We agree. Although petitioners filed their petition with the Court on March 21, 2005, that petition was filed in violation of the automatic stay of 11 U.S.C. section 362(a)(8) and (c) (2000). The automatic stay arises by operation of law upon the commencement of a bankruptcy action and, absent a granting of relief from the stay by the bankruptcy court, see 11 U.S.C. sec. 362(d) (2000), generally continues unimpaired until the earliest of the closing of the case, the dismissal of the case, or the grant or denial of a discharge. See 11 U.S.C. sec. 362(c)(2); see also Allison v. Commissioner, 97 T.C. 544, 545 (1991); Smith v. Commissioner, 96 T.C. 10, 14 (1991). Actions prohibited by the automatic stay include "the commencement * * * of a proceeding before the United States Tax Court concerning the debtor", 11 U.S.C. sec. 362(a)(8), and actions taken in violation of the automatic stay are void ab initio, see Roberts v. Commissioner, 175 F.3d 889, 893 n.3 (11th Cir. 1999). Petitioners' filing of their petition with this Court is void ab initio and, hence, a nullity.

Petitioners argue that respondent has waived the right to challenge this Court's jurisdiction. We disagree. Whether the Court has jurisdiction is an issue that either party may raise at any time, and the failure to question our jurisdiction by a certain time is not a waiver of the right to do so. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456

U.S. 694, 702 (1982); <u>Charlotte's Office Boutique, Inc. v.
Commissioner</u>, 121 T.C. 89, 102 (2003), supplemented by T.C. Memo.
2004-43, affd. 425 F.3d 1203 (9th Cir. 2005); <u>Reagoso v.
Commissioner</u>, T.C. Memo. 1993-450, affd. without published
opinion 39 F.3d 1171 (3d Cir. 1994).

Petitioners also argue that respondent's motion should be
denied because they are time barred from petitioning this Court
with respect to the notice of deficiency.  We disagree.  Because
the automatic stay was in effect when the petition was filed, the
petition is invalid and must be dismissed for lack of
jurisdiction.

<u>An order will be issued granting
respondent's motion and directing that
this case be dismissed for lack of
jurisdiction</u>.